**Burton H. WOLFE, Plaintiff,**

v.

**Ronald M. GEORGE, et al., Defendants.**

No. C 00–1047 SBA.

Nos. 264, 276, 285.

United States District Court,
N.D. California.

Aug. 22, 2005.

Burton H. Wolfe, San Francisco, CA, pro se.

David M. Verhey, Sacramento, CA, Tom Blake, CA State Attorney General's Office, Thomas A. Blake, Jonathan U. Lee, City Attorney's Office, San Francisco, CA, for Defendants.

## ORDER

ARMSTRONG, District Judge.

This matter comes before the Court on Plaintiff's Motion for Judgment on the Pleadings [Docket No. 264] and Defendants' Cross–Motion for Judgment on the Pleadings [Docket No. 276]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, and having heard the argument of Plaintiff and Defendants' counsel at the June 28, 2005 hearing, the Court hereby DENIES Plaintiff's Motion for Judgment on the Pleadings and GRANTS Defendants' Cross–Motion for Judgment on the Pleadings.

## BACKGROUND

### A. Procedural Background.

On March 27, 2000, Plaintiff Burton Wolfe ("Plaintiff"), filed a Complaint, in propria persona, under 42 U.S.C. § 1983, challenging the constitutionality of Califor-

nia's Vexatious Litigant Statute. He named as defendants: (1) Justice Gary Strankman, Chief Justice Ronald George, Deborah Silva, the Judicial Council of California, and State of California (collectively known as the "State Defendants"); and (2) Judge Alfred Chiantelli, Judge David Garcia, and Judge Ronald Quidachay (collectively known as the "Judge Defendants").

On March 29, 2002, this Court dismissed Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction pursuant to the *Rooker–Feldman* doctrine after finding that Plaintiff's action appeared to be a de facto appeal of prior state court decisions. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The Court also dismissed the State Defendants and the Judge Defendants from the lawsuit. Plaintiff subsequently appealed.

On December 14, 2004, the Ninth Circuit held that this Court erred by dismissing the suit under *Rooker–Feldman. See Wolfe v. Strankman*, 392 F.3d 358, 364 (9th Cir.2004). Specifically, the Ninth Circuit found that Plaintiff's references to his involvement in prior state court actions went to show that Plaintiff had standing, and were not de facto appeals from the decisions in those prior actions. *Id.* However, the Ninth Circuit affirmed the dismissal of the State of California and the Judicial Council of California on the grounds that they are not "persons" subject to suit under § 1983. *Id.* at 361. The court further affirmed the dismissal of the Judge Defendants, Justice Strankman, and Chief Justice George in his judicial capacity. *Id.* Finally, the court reversed the dismissal of Chief Justice George, in his administrative capacity, and Ms. Silva, and remanded to this Court for further proceedings. *Id.*

On February 8, 2005, Plaintiff filed a First Amended Complaint, in propria persona, on behalf of himself and on behalf of all persons appearing in the courts of California without representation, for Declaratory and Prospective Injunctive Relief. In the First Amended Complaint, Plaintiff alleges that California's Vexatious Litigant Statute, California Code of Civil Procedure §§ 391 *et seq.,* is unconstitutional. On February 23, 2005, Plaintiff filed a Motion for Judgment on the Pleadings or, in the alternative, for Declaratory Judgment. On May 6, 2005, Defendants filed a Cross–Motion for Judgment on ·the Pleadings.

## B. Statutory Background.

California's Vexatious Litigant Statute (the "statute") is codified at California Code of Civil Procedure §§ 391 *et seq.* The statute defines a vexatious litigant as a person who:

(1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.

(2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

(3) In any litigation while acting in propria persona, repeatedly files unmerito-

rious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

(4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

Cal.Code of Civ. Proc. § 391(b)(1)-(4). Pursuant to the statute, a defendant may move the court to require the pro se plaintiff to provide security if the defendant can make a showing that the plaintiff is a vexatious litigant and that there is not a reasonable probability that the plaintiff will prevail in the litigation against the moving party. *See* Cal.Code of Civ. Proc. § 391.1. Upon making the requisite findings, the court may then order the plaintiff to provide a security[1] that compensates for the reasonable costs and attorney fees of defending the suit. Cal.Code Civ. Proc. §§ 391.1, 391.3. If the plaintiff fails to post the security, the action may be dismissed. Cal.Code Civ. Proc. § 391.4.

Once a plaintiff has been declared a "vexatious litigant" within the meaning of the statute, the court may also enter an order prohibiting that plaintiff from filing new state court litigation absent leave of the presiding judge where the litigation is proposed to be filed. Cal.Code Civ. Proc. § 391.7. This order is referred to as a "prefiling" order. Cal.Code Civ. Proc. § 391.7. After the prefiling order is issued, the presiding judge shall permit the filing of further litigation if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay. Cal.Code of Civ. Proc. § 391.7(b).

## LEGAL STANDARD

### A. Motion for Judgment on the Pleadings.

Under Federal Rule of Civil Procedure 12(c), any party may move for judgment on the pleadings at any time after the pleadings are closed but within such time as not to delay the trial. Fed.R.Civ.P. 12(c). "For the purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,* 896 F.2d 1542, 1550 (9th Cir. 1990). Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. *Id.* When brought by the defendant, a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is a "means to challenge the sufficiency of the complaint after an answer has been filed." *New.Net, Inc. v. Lavasoft,* 356 F.Supp.2d 1090, 1115 (C.D.Cal.2004). A motion for judgment on the pleadings is therefore similar to a motion to dismiss. *Id.* When the district court must go beyond the pleadings to resolve an issue on a motion for judgment on the pleadings, the proceeding is properly treated as a motion for summary judgment. Fed.R.Civ.P. 12(c); *Bonilla v. Oakland Scavenger Co.,* 697 F.2d 1297, 1301 (9th Cir.1982).

---

**1.** A "security" is defined in the statute as an "undertaking to assure payment, to the party for whose benefit the undertaking is required to be furnished, of the party's reasonable expenses, including attorney's fees and not limited to taxable costs, incurred in or in connection with a litigation instituted, caused to be instituted, or maintained or caused to be maintained by a vexatious litigant." Cal. Code Civ. Proc. § 391(c).

## B. Declaratory Judgment.

28 U.S.C. § 2201 provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201.

Declaratory judgment is appropriate where, as here, an injunction is not available because there are no pending state court proceedings. *Steffel v. Thompson,* 415 U.S. 452, 463, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) ("When no state prosecution is pending and the only question is whether declaratory relief is appropriate, the congressional scheme that makes the federal courts the primary guardians of constitutional rights, and the express congressional authorization of declaratory relief, afforded because it is a less harsh and abrasive remedy than the injunction, become the factors of primary significance.")

## *ANALYSIS*

### A. Plaintiff's and Defendants' Cross–Motions for Judgment on the Pleadings.

In his Motion for Judgment on the Pleadings, Plaintiff seeks a declaratory judgment from this Court that California's Vexatious Litigant Statute, California Code Civil Procedure §§ 391 *et seq.,* is unconstitutional.[2] Plaintiff asserts the following bases for a finding that the Vexatious Litigant Statute is unconstitutional: (1) it violates the First Amendment; (2) it is overbroad; (3) it is vague; (4) it violates the due process clause of the Fifth and Fourteenth Amendments[3]; (5) it violates the equal protection clause of the Fourteenth Amendment; (6) it violates the double jeopardy clause of the Fifth Amendment; (7) it violates the excessive fines clause of the Eighth Amendment; (8) it is an impermissible ex post facto law or bill of attainder; and (9) it generally conflicts with federal law and violates 42 U.S.C. § 1983. Defendants, on the other hand, move for judgment on the pleadings on the basis that the Vexatious Litigant Statute is not unconstitutional on any of the aforementioned grounds. Additionally, Defendants assert that Plaintiff lacks standing to assert third-party rights.[4]

**2.** Plaintiff actually contends that the statute is unconstitutional "on its face" and "as applied." However, Plaintiff has not produced any admissible evidence demonstrating that the statute is unconstitutional as "applied" to himself or others. Instead, he relies on vague references to certain "facts" that are clearly outside of his own personal knowledge and "documents" that have not been produced to the Court. *See, e.g.,* Pl's Mot. at 19. Plaintiff has therefore failed on his burden of proof with respect to his "as applied" constitutional challenge and, accordingly, only his facial challenge is discussed below.

**3.** Since Plaintiff is challenging a state statute, his due process cause of action is most appropriately characterized as claim brought under the Fourteenth Amendment, not the Fifth Amendment. Thus, hereafter, discussion of Plaintiff's due process claim will refer exclu-

sively to the Fourteenth Amendment. It should be noted, however, that the due process analysis is the same under both the Fourteenth and Fifth Amendment. *See Rodriguez v. Cook,* 169 F.3d 1176, 1179 n. 4 (9th Cir. 1999).

**4.** Although it is not clear from the parties' briefing, both parties conceded at the June 28, 2005 hearing that, pursuant to the Ninth Circuit's ruling in *Wolfe,* Plaintiff's personal standing has been established and is no longer challenged by Defendants. *See Wolfe,* 392 F.3d at 364 ("We construe Wolfe's references to the prior judicial actions ... as ... part of his demonstration that he is sufficiently threatened with actual harm from the future operation of the Vexatious Litigant Statute that he has standing to bring the present suit.").

### 1. Constitutionality under the First Amendment.

### a. First Amendment Right to Petition for Grievances.

■ With respect to Plaintiff's First Amendment claim, the Court must first determine whether the Vexatious Litigant Statute actually encroaches upon a right guaranteed by the First Amendment.

The United States Supreme Court has long recognized that the right to petition for a redress or grievance is a liberty safeguarded by the Bill of Rights and is intimately connected both in origin and in purpose with the other First Amendment rights of free speech and free press. *United Mine Workers of America, Dist. 12 v. Illinois State Bar Ass'n*, 389 U.S. 217, 222, 88 S.Ct. 353, 19 L.Ed.2d 426 (1967).[5] However, the Supreme Court has also consistently held that "baseless litigation is *not* immunized by the First Amendment right to petition." *Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 743, 103 S.Ct. 2161, 76 L.Ed.2d 277 (1983) ("[S]ince sham litigation by definition does not involve a bona fide grievance, it does not come within the first amendment right to petition."). In fact, as the Supreme Court stated in *Bill Johnson's Restaurants*, "The first amendment interests involved in private litigation—compensation for violated rights and interest, the psychological benefits of vindication, public airing of disputed facts—are not advanced when the litigation is based on intentional falsehoods or on knowingly frivolous claims." *Id.*

Applying the *Bill Johnson's Restaurants* holding to the Vexatious Litigant Statute, the Court finds that the Vexatious Litigant Statute does not violate the First Amendment. By its very terms, the statute is only implicated once the state court

has concluded that there is "no reasonable probability that [the plaintiff] will prevail in the litigation against the moving defendant." Cal.Code Civ. Proc. § 391.3. Further, even when a plaintiff has been declared a vexatious litigant, the statute does not preclude a plaintiff from filing subsequent lawsuits, so long as those lawsuits have merit. *See* Cal.Code Civ. Proc. § 391.7; *see Wolfgram v. Wells Fargo Bank*, 53 Cal.App.4th 43, 60, 61 Cal. Rptr.2d 694 (1997) ("When a vexatious litigant knocks on the courthouse door with a colorable claim, he may enter.") Thus, to the extent that Plaintiff's argument is premised on his belief that the Vexatious Litigant Statute encroaches upon a First Amendment right because it is a prohibitive ban on meritorious litigation, his argument is fatally flawed. The Vexatious Litigant Statute is not, as Plaintiff contends, an absolute ban on the right to petition for grievances.

### 2. Vagueness.

■ Plaintiff has also not proven that the Statute is unconstitutionally vague. "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). To survive a vagueness challenge, the statute must give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. *Id.* This is particularly important when sensitive areas of First Amendment freedoms are involved; in such cases, the statute must have sufficiently clear terms such that citizens are not led to "steer far wider of the unlawful zone ... than if the boundaries of the forbidden areas were clearly marked." *Id.*

---

**5.** The First Amendment is "incorporated" against the states by virtue of the Fourteenth Amendment. *Hague v. C.I.O.*, 307 U.S. 496, 512–13, 59 S.Ct. 954, 83 L.Ed. 1423 (1939).

The statute must also provide explicit standards for those who apply it so that arbitrary and discriminatory enforcement is prevented. *Id.*

In support of his vagueness challenge, Plaintiff contends that the statute fails to provide warning of what conduct is proscribed because it does not define the terms "finally determined adversely," "unmeritorious pleadings," "unnecessary discovery," or "other tactics that are frivolous." Having considered Plaintiff's arguments, the Court finds that there is absolutely no merit to the contention that words such as "final," "adverse," "unmeritorious," "unnecessary," "tactics," or "frivolous" are incomprehensible to a person of ordinary intelligence. Second, while it may be true that a complete stranger to litigation may not readily understand the correct meaning of the terms "discovery" and "pleadings," Plaintiff's contention that an "ordinary person" would not understand these terms is completely undermined by the fact that the "ordinary person" in this context is a person who either: (1) has engaged in litigation on at least *five* prior occasions within seven years; (2) is actively involved in current litigation; or (3) has recently been involved in litigation and is reinitiating that litigation. *See* Cal.Code Civ. Proc. § 391(b). Thus, the argument that such a person is not able to comprehend fairly basic concepts of litigation is tenuous, at best, and defies credibility. The Vexatious Litigant Statute simply has no applicability to a person who is a complete stranger to litigation.

Moreover, even assuming, *arguendo*, that "sensitive areas of First Amendment freedoms" are involved, the Court does not find that there is any lack of clarity in the statute that would leads citizens to "steer far wider of the unlawful zone" than necessary. The activity "prohibited" by the statute is unmistakeably clear: it is the pursuit of litigation that lacks merit and is instituted solely for the sake of harassment and delay. Indeed, the definition of the term "vexatious litigant" alone contains a considerable amount of detail. *See* Cal. Code Civ. Proc. § 391. Since this is not "a vague, general . . . ordinance, but a statute written specifically for the [court] context, where the prohibited disturbances are easily measured by their impact" the Court finds that the statute gives "fair notice to those to whom it is directed." *See Grayned*, 408 U.S. at 112, 92 S.Ct. 2294.

Additionally, since the statute provides for actual notice and a hearing before it is even triggered, there is arguably nothing to "steer clear of" at all, as even a person who unjustifiably pursues frivolous litigation is free to continue his activities until his opponent asks the court to intervene. Cal.Code Civ. Proc. § 391.1. Significantly, even then, the person cannot be declared a "vexatious litigant" until after the court has conducted a hearing and given the plaintiff the opportunity to be heard. *Id.*

Plaintiff's alternative argument, that the alleged "vagueness" of the statute enables judges to interpret the statute in an arbitrary and discriminatory manner, is also unpersuasive. Undisputedly, even outside of the Vexatious Litigant context, judges are *regularly* called upon to determine what constitutes a "final adverse determination," an "unmeritorious pleading," "frivolous tactics," or "unnecessary discovery." *See, e.g.,* Cal.Code Civ. Proc. 128.5 ("Every trial court may order a party, the party's attorney, or both to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay."); *see also* Cal. Rule of Court 27(e) (permitting Court of Appeal to "impose sanctions, including the award or denial of costs, on a party or an attorney for (a)

taking a frivolous appeal or appealing solely to cause delay; (b) including in the record any matter not reasonably material to the appeal's determination; or (c) committing any other unreasonable violation of these rules."). The fact that a judge performs this function is one of the most fundamental underpinnings of the judicial system. *See, e.g., Ellis v. Roshei Corp.,* 143 Cal.App.3d 642, 648, 192 Cal.Rptr. 57 (1983) ("A trial court is empowered to exercise its supervisory power in such a manner as to provide for the orderly conduct of the court's business and to 'guard against inept procedures and unnecessary indulgences which would tend to hinder, hamper or delay the conduct and dispatch of its proceedings.' "). Thus, Plaintiff's argument that "a judge can[not] come up with applicable definitions for such terms" is wholly without merit. The case law makes clear that California state court judges are, in fact, consistently and fairly construing the statute. *See, e.g., Childs v. PaineWebber Inc.,* 29 Cal.App.4th 982, 992, 35 Cal.Rptr.2d 93 (1994).

Plaintiff's position is also based entirely on the faulty premise that "in a CCP 391 proceeding a First Amendment right is at stake." Again, by definition, a "CCP 391 proceeding" involves only litigation where the plaintiff cannot demonstrate that he has any reasonable likelihood of prevailing. Such frivolous litigation is not protected by the First Amendment.

Finally, Plaintiff's concern that litigants are often required to post securities of varying amounts, or subjected to prefiling orders with varying standards, does not compel the conclusion that judges are enforcing the statute in an arbitrary or discriminatory manner. If anything, it suggests that state court judges are appropriately deciding each matter on a case-by-case basis, after giving careful consideration to the particular facts of the situation. This supports a finding of constitutionality. *Grayned,* 408 U.S. at 119, 92 S.Ct. 2294 ("[the] decision is made, as it should be, on an individualized basis, given the particular fact situation."). Accordingly, the Court finds that the Vexatious Litigant Statute is not unconstitutionally vague.

### 3. Overbreadth.

■ Plaintiff's argument that the Vexatious Litigant Statute is unconstitutionally overbroad is also flawed. Although "[a] clear and precise enactment may nevertheless be 'overbroad' if in its reach it prohibits constitutionally protected conduct," there is simply no basis to conclude that the Vexatious Litigant Statute "sweeps within its prohibitions" constitutionally protected activities. *Grayned,* 408 U.S. at 115, 92 S.Ct. 2294.

First, as set forth above, the Vexatious Litigant Statute is not a prohibitive ban on the general right to petition for *bona fide* grievances. In fact, the Vexatious Litigant Statute does not prohibit the filing of meritorious litigation or special proceedings, such as the filing of a habeas corpus petition. *See, e.g., In re Bittaker,* 55 Cal. App.4th 1004, 1011–12, 64 Cal.Rptr.2d 679 (1997) (holding that a petition for writ of habeas corpus is not a civil action or proceedings within the meaning of the Vexatious Litigant Statute). Second, the purpose of the Vexatious Litigant Statute is undeniably significant and legitimate. Specifically, the purpose of the statute is to protect courts from "the unreasonable burden placed upon [them] by groundless litigation [which] prevents the speedy consideration of proper litigation and [consumes] tremendous time and effort." *First Western Dev. Corp. v. Superior Court,* 212 Cal.App.3d 860, 870, 261 Cal. Rptr. 116 (1989). The Vexatious Litigant also protects the general public, as well, because "[t]he constant suer ... becomes

a serious problem to others than the defendant he dogs ... [b]y clogging court calendars, he causes real detriment to those who have legitimate controversies to be determined and to the taxpayers who must provide the courts." *Taliaferro v. Hoogs,* 237 Cal.App.2d 73, 74, 46 Cal.Rptr. 643 (1965).

Although Plaintiff does not dispute that the inherent purpose of the Vexatious Litigant Statute is important and legitimate, he argues that the statute must be overturned because there are "many [other] ways of dealing with nuisance litigants that are less drastic than imposing affordable monetary barriers or blacklisting them." However, this argument is entirely insufficient to support an overbreadth challenge to the constitutionality of a statute that (1) serves a substantial and legitimate purpose, and (2) is not aimed at, and does not encompass, constitutionally protected speech or activities. *See Virginia v. Hicks,* 539 U.S. 113, 118, 123 S.Ct. 2191, 156 L.Ed.2d 148 (2003) ("[T]here comes a point at which ... [one] cannot justify prohibiting ... enforcement of ... a law that reflects 'legitimate state interests in maintaining comprehensive controls over harmful, constitutionally unprotected conduct.' "). Since the Vexatious Litigant Statute is specifically aimed at controlling constitutionally unprotected conduct, the "legitimate state interest" standard mandates that the Court uphold its validity.

Even assuming that the statute *does* affect constitutionally protected speech, however, Plaintiff has not shown that the statute is unconstitutionally "overbroad." A statute affecting constitutionally protected speech is not overbroad if it is narrowly tailored and does not prohibit substantially more protected speech or conduct than necessary. Ironically, here, the very purpose of the notice and hearing requirement of the statute, as well as the "prefiling order" process set forth in the statute, is to *ensure* that constitutionally protected activities (*i.e.* the filing of meritorious claims) are *not* prohibited in any way. Thus, like the ordinance scrutinized and ultimately upheld by the Supreme Court in *Grayned,* the Vexatious Litigant Statute is constitutional because it is narrowly tailored to further the compelling interest in having a legal system that is not needlessly disrupted by baseless and frivolous litigation. *Grayned,* 408 U.S. at 121, 92 S.Ct. 2294 ("Far from having an impermissibly broad prophylactic ordinance, ... [the statute] punishes only conduct which disrupts or is about to disrupt normal ... activities."); *see also Cox v. State of Louisiana,* 379 U.S. 559, 562, 85 S.Ct. 476, 13 L.Ed.2d 487 (1965) ("Since we are committed to a government of laws and not of men, it is of the utmost importance that the administration of justice be absolutely fair and orderly. This Court has recognized that the unhindered and untrammeled functioning of our courts is part of the very foundation of our constitutional democracy."). As such, Plaintiff's overbreadth challenge fails.

### 4. Constitutionality under the Fourteenth Amendment.

#### a. Procedural Due Process.

■ Next, Plaintiff argues that the Vexatious Litigant Statute violates the fundamental precepts of due process of fair treatment, fair play, decency, and justice guaranteed by the Fourteenth Amendment. It should be noted that this same argument was previously considered by the California Court of Appeals in *Wolfgram* and ultimately rejected. *See Wolfgram,* 53 Cal.App.4th at 60, 61 Cal.Rptr.2d 694.

The Supreme Court has established that due process "requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to

settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard." *Boddie v. Connecticut*, 401 U.S. 371, 377, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). Here, the Vexatious Litigant Statute fulfills the requirements set forth in *Boddie* because (1) the state's interest in controlling the unfettered abuse of the legal system overrides a litigant's personal interest in filing frivolous pleadings, and (2) the statute provides a litigant with an ample and meaningful opportunity to be heard. In fact, it is beyond dispute that the Vexatious Litigant Statute explicitly provides for notice and opportunity to be heard before the plaintiff is subjected to any adverse effects of the statute. Moreover, even when a prefiling order has been entered, there is never a "blanket" prohibition on further filings; a plaintiff deemed to be a vexatious litigant may always file a new action so long as the presiding judge determines that the litigation has merit and has not been filed for the purpose of harassment or delay. Cal.Code Civ. Proc. § 391.7(b). Such determinations are appropriately made on a case-by-case basis. *Id.* If the plaintiff believes that he has been wrongly denied of the opportunity to pursue meritorious litigation, relief by way of mandamus is immediately available to challenge the presiding judge's abuse of discretion. Cal.Code Civ. Proc. § 1085.

### b. Substantive Due Process and the Equal Protection Clause of the Fourteenth Amendment.

■ Plaintiff also argues that the Vexatious Litigant Statute violates the due process and equal protection clauses of the Fourteenth Amendment because it unfairly discriminates against pro se litigants in that it (1) imposes a financial barrier to the pro se litigant's "right to sue," and (2) creates a disparity between how pro se litigants and represented parties are treated by the courts. These arguments, however, are insufficient to invalidate the statute under the Fourteenth Amendment.

First, the fact that the vexatious litigant *may* be required to pay a "security" does not violate the Fourteenth Amendment since this so-called "financial barrier" only serves to bar frivolous litigation, which is not protected by the Constitution. *See* California Code of Civil Procedure § 391.3 (stating that the Court may only order the payment of a security once the court has determined, "after hearing the evidence upon the motion, ... that the plaintiff is a vexatious litigant and that *there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant.*") (emphasis added); *see also* Cal.Code Civ. Proc. § 391(c) (the amount of the security is limited to the opposing party's "*reasonable* expenses ... incurred in or in connection with a litigation instituted, caused to be instituted, or maintained or caused to be maintained by a vexatious litigant.") (emphasis added).

Relying primarily on the Supreme Court's holding in *Boddie*, and the District of Columbia Court of Appeals's holding in *In re Green*, 669 F.2d 779, 785 (D.C.Cir. 1981), Plaintiff essentially seeks to have this Court hold that the imposition of *any* cost associated with civil litigation is unconstitutional.[6] This is not, however, what the Fourteenth Amendment requires, and Plaintiff's reliance on *Boddie* and *Green* is utterly misplaced. In fact, in *Green*, the

---

6. Plaintiff also relies on *Roberts v. LaVallee*, 389 U.S. 40, 42, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967) and *Bounds v. Smith*, 430 U.S. 817, 825, 97 S.Ct. 1491, 52 L.Ed.2d 72. However, these cases involve a prisoner's right of access to the courts, which is not applicable in this context. The Vexatious Litigant Statute does not apply to criminal proceedings, *see* Cal. Code of Civ. Proc. 391(a), or to petitions for writ of habeas corpus, *see In re Bittaker*, 55 Cal.App.4th at 1011–12, 64 Cal.Rptr.2d 679.

District of Columbia Court of Appeals expressly acknowledged that the "right of access to the courts ... is neither absolute or unconditional." *In re Green,* 669 F.2d at 785. Further, in *United States v. Kras,* 409 U.S. 434, 446, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), the Supreme Court declined to follow this particular holding in *Boddie* after noting that *Boddie's* holding was limited to cases involving a state's regulation of a fundamental right, such as marriage. *Id.* at 446, 93 S.Ct. 631 ("We are ... of the opinion that the [bankruptcy] filing fee requirement does not deny [the litigant of] the equal protection of the laws."). Thus, under *Kras,* in cases where a fundamental right is not implicated, a statute will be upheld if there is a rational justification for it. *Id.; see also Ortwein v. Schwab,* 410 U.S. 656, 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973) (upholding validity of appellate filing fee applied to indigents seeking to appeal an adverse welfare decision).

Plaintiff's alternative argument that the Vexatious Litigant Statute unfairly disadvantages pro se litigants is also fundamentally flawed. While Plaintiff may subjectively believe that the statute is a "weapon" hurled against unsuspecting persons who are "unskilled at law," it has long been recognized that the Vexatious Litigant Statute was enacted for the purpose of protecting *defendants* from overly litigious, vexing, and harassing plaintiffs and protecting the *courts* from having to expend countless hours dealing with meritless litigation. This is clear not only from the history of the statute but also from the very terms of the statute itself. *See, e.g., First Western Dev. Corp. v. Superior Court,* 212 Cal.App.3d 860, 870, 261 Cal.Rptr. 116 (1989) ("The vexatious litigant statutes were enacted to require a person found a vexatious litigant to put up security for the reasonable expenses of a defendant who becomes the target of one of these obsessive and persistent litigants whose conduct can cause serious financial results to the unfortunate object of his attack.")

Additionally, the Vexatious Litigant Statute does not, as Plaintiff's contends, subject pro se litigants to undue burdens that are not equally borne by attorneys and represented parties. Indeed, the Vexatious Litigant Statute is not unique; the California Code of Civil Procedure contains other similar measures intended to control the filing of frivolous litigation. *See, e.g.,* Cal.Code Civ. Proc. § 128.5 (providing for the imposition of sanctions against an attorney or party who litigates in bad faith); Cal.Code of Civ. Proc. § 907 (allowing a Court of Appeals to impose costs on an attorney or party who pursues a frivolous appeal); Cal Code Civ. Proc. § 128.7 (providing for the imposition of sanctions against an attorney who submits papers to the court for the sole purpose of harassing the opposing party or causing delay).

Attorneys are also subject to California Business and Professions Code § 6068, which provides, *inter alia,* that an attorney must: (1) support the Constitution and laws of the United States and California, (2) maintain the respect due to the courts of justice and judicial officers, (3) counsel or maintain only actions, proceedings, or defenses that appear to him or her legal or just; (4) employ means only as are consistent with truth, and never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law; and (5) not encourage either the commencement or the continuance of an action or proceeding for a corrupt motive of passion or interest. Cal. B & P Code § 6068. Additionally, an attorney's conduct is regulated by the State Bar of California and California's Rules of Professional Responsibility. *See* Cal. B & P Code § 6068.7 (providing that a court must notify the

State Bar when sanctions in excess of $1,000 are imposed.)

Although Plaintiff attempts to distinguish the Vexatious Litigant Statute by noting that lawyers are not subject to a rule that "disciplines" them for "losing five lawsuits in seven years," Plaintiff conveniently overlooks the fact that a pro se litigant's prior litigation record *only* becomes relevant when that litigant attempts to pursue a *sixth* litigation that has no reasonable probability of success. This distinction is significant and Plaintiff's failure to even acknowledge it makes his argument unpersuasive.

Further, in evaluating Plaintiff's argument, the Ninth Circuit's analysis in *Rodriguez* is instructive. In *Rodriguez,* the Ninth Circuit considered a Fifth Amendment challenge to 28 U.S.C. § 1915(g) (commonly referred to as the "three-strike rule").[7] *Rodriguez,* 169 F.3d at 1179. In upholding the three-strike rule, the Ninth Circuit noted that "requiring prisoners to make the same financial decisions as non-prisoners before filing a cause of action does not violate equal protection." *Id.* The court also stated that "[a]lthough prisoners are entitled to meaningful access to the courts, courts are not obliged to be a playground where prisoners with nothing better to do continuously file frivolous claims. Only after demonstrating an inability to function within the judicial system is an indigent inmate asked to pay for access to the courts." *Id.* at 1180. Accordingly, the Ninth Circuit concluded that § 1915(g) permissibly "precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status." *Id.* Thus, under the holding of

*Rodriguez,* neither the security provision of the Vexatious Litigant Statute nor its analogous "six-strike rule" can be considered unconstitutional.

Accordingly, the Court hereby finds that the Vexatious Litigant Statute does not violate the due process or equal protection clause of the Fourteenth Amendment.

### 5. Double Jeopardy Clause of the Fifth Amendment.

██ Plaintiff also argues that the Vexatious Litigant Statute violates the double jeopardy clause of the Fifth Amendment. While the double jeopardy clause may be enforced against the states due to its incorporation into the due process clause of the Fourteenth Amendment, *see Benton v. Maryland,* 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), the double jeopardy clause simply does not apply to the Vexatious Litigant Statute.

Specifically, the double jeopardy clause serves to prohibit multiple punishments for *criminal* conduct. *See Abbate v. United States,* 359 U.S. 187, 198–99, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959) ("The basis of the Fifth Amendment protection against double jeopardy is that a person shall not be harassed by successive trials; that an accused shall not have to marshal the resources and energies necessary for his defense more than once for the same alleged *criminal acts.*") (emphasis added). Although the cases upon which Plaintiff relies—namely *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989) and *United States v. $405,089.23 U.S. Currency,* 33 F.3d 1210 (9th Cir.

---

7. The three-strike rule provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding ... [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

1994)—discuss the fact that a civil fine may be considered "punitive," significantly, both cases involved a predicate *criminal* offense. *See Halper,* 490 U.S. at 437, 109 S.Ct. 1892 (defendant initially charged under criminal false claims act statute); *see also $405,089.23 U.S. Currency,* 33 F.3d at 1213 (defendants initially charged with conspiracy and money laundering arising out of large-scale methamphetamine manufacturing operation). Further, the holding in *Halper* was later abrogated by the Supreme Court in *Hudson v. United States,* 522 U.S. 93, 98–99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997) (holding that the double jeopardy clause "protects only against the imposition of multiple criminal punishments for the same offense."). Thus, the fact that Plaintiff subjectively feels that the Vexatious Litigant Statute operates as a "punishment" is irrelevant. The relevant inquiry under the Fifth Amendment is whether the statute serves as a second punishment for a *criminal* offense, which it clearly does not. Indeed, in order to reach this conclusion, the Court would have to first accept the utterly preposterous premise that the pursuit of frivolous litigation is criminal conduct. Accordingly, the Court finds that Plaintiff has failed to state a claim under the double jeopardy clause of the Fifth Amendment.

### 6. Excessive Fines Clause of the Eighth Amendment.

■ Plaintiff's argument that the Vexatious Litigant Statute violates the excessive fines clause of the Eighth Amendment is equally without merit. Plaintiff's specific contention is that the Vexatious Litigant Statute violates the excessive fines clause of the Eighth Amendment because it punishes, as wells as deters, use of the courts. However, like Plaintiff's double jeopardy clause allegation, Plaintiff's excessive fines clause claim relies entirely upon the assumption that the Vexatious Litigant Statute is somehow related to criminal con-

duct. This assumption is unjustified under the applicable case law.

The Eighth Amendment reads in its entirety: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Const. Amend. VIII. The Supreme Court has long understood the Eighth Amendment to apply primarily, and perhaps exclusively, to criminal prosecutions and punishments. *Browning–Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.,* 492 U.S. 257, 262, 109 S.Ct. 2909, 106 L.Ed.2d 219 (1989); *see, e.g., Fong Yue Ting v. United States,* 149 U.S. 698, 730, 13 S.Ct. 1016, 37 L.Ed. 905 (1893) (stating that Eighth Amendment is inapplicable to deportation because deportation is not punishment for a crime). "Bail, fines, and punishment traditionally have been associated with the criminal process, and by subjecting the three to parallel limitations the text of the Amendment suggests an intention to limit the power of those entrusted with the criminal-law function of government." *Browning–Ferris,* 492 U.S. at 263, 109 S.Ct. 2909 (quoting *Ingraham v. Wright,* 430 U.S. 651, 664–668, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977)).

Although the Supreme Court has held that the Eighth Amendment excessive fines clause extends to civil forfeiture proceedings, *see Alexander v. United States,* 509 U.S. 544, 559–59, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993), Plaintiff's attempt to equate the "security" provision of the Vexatious Litigant Statute with a "civil forfeiture" is wholly without merit. Notably, there are significant differences between a "civil forfeiture" and a "security" which Plaintiff overlooks. First, a civil forfeiture proceeding necessarily relates to prior criminal conduct. *See, e.g., United States v. Premises Known as RR# 1,* 14 F.3d 864, 869 (3d Cir.1994) ("The Government bears the initial burden of proof in attaching property for trial in civil forfeiture

cases and to do so it must establish some connection between the alleged criminal activity and the ... property the Government seeks to forfeit."); *see also United States v. Certain Real Property and Premises,* 954 F.2d 29, 33 (2nd Cir.1992) (stating that 21 U.S.C. § 881(a)(7) provides for the forfeiture of real property which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation of the narcotics laws). Second, in a civil forfeiture proceeding, the Government is the entity who retains the money or property. In contrast, under the Vexatious Litigant Statute, the "security" is provided for the exclusive benefit of the opposing party. *See* Cal.Code Civ. Proc. § 391(c) (defining a security as "an undertaking to assure payment, *to the party for whose benefit the undertaking is required to be furnished,* of the party's reasonable expenses.") (emphasis added). These distinctions are important, as they are critical features that bring a civil forfeiture within the ambit of the Eighth Amendment. *See Browning–Ferris,* 492 U.S. at 265, 109 S.Ct. 2909 ("[W]e think it significant that at the time of the drafting and ratification of the Amendment, the word "fine" was understood to mean a payment to a sovereign as punishment for some offense.").

Accordingly, there is no basis upon which this Court can conclude that the Vexatious Litigant Statute violates the excessive fines clause of the Eighth Amendment.

### 7. The Ex Post Facto Clause and the Bill of Attainder Clause.

■ Plaintiff's argument that the Vexatious Litigant Statute is an ex post

facto law prohibited by the Article 1, Section 10 of the United States Constitution is also baseless. The Supreme Court has expressly held that the ex post facto clause is aimed at laws that "retroactively alter the definition of **crimes** or increase the punishment for **criminal** acts." *California Dept. of Corrections v. Morales,* 514 U.S. 499, 504, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995) (emphasis added). For example, the ex post facto clause "is violated if a change in the law creates 'a sufficient risk of increasing the measure of punishment attached to the covered crime.'" *Himes v. Thompson,* 336 F.3d 848, 855 (9th Cir. 2003) (quoting *California Dep't of Corr. v. Morales,* 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995)). Since the Vexatious Litigant Statute does not involve penal legislation, the ex post facto clause is simply inapplicable to this case.[8]

Plaintiff has also not demonstrated that the Vexatious Litigant Statute is an unconstitutional "bill of attainder." A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Nixon v. Adm'r of Gen. Servs.,* 433 U.S. 425, 468, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977). As stated by the Supreme Court in *Nixon,* "Just as Article III confines the Judiciary to the task of adjudicating concrete 'cases or controversies,' so too the Bill of Attainder Clause was found to 'reflect ... the Framers' belief that the Legislative Branch is not so well suited as politically independent judges and juries to the task of ruling upon the blameworthiness of, and levying appropriate punishment upon, specific persons.'" *Id.* (quoting *United States v. Brown,* 381 U.S. 437, 445, 85 S.Ct. 1707,

---

8. Further, as Defendants correctly note, Plaintiff's reliance on *Landgraf v. USI Film Products,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1944), and *Ralis v. RFE/RL, Inc.,* 770 F.2d 1121 (D.C.Cir.1985), is misplaced. Both *Landgraf* and *Ralis* concern "retroactive" statutory enactments. *Landgraf,* 511 U.S. at 266–67, 114 S.Ct. 1483; *Ralis,* 770 F.2d at 1123–24. That is not an issue here.

14 L.Ed.2d 484 (1965)). Given that the inherent concern of the bill of attainder clause is the separation of powers doctrine, Plaintiff's attempt to define the Vexatious Litigant Statute as a "bill of attainder" is decidedly strained. However, even assuming, *arguendo*, that the Vexatious Litigant Statute falls within the ambit of the bill of attainder clause, Plaintiff still fails to demonstrate that it meets the criteria set forth by the Supreme Court in *Selective Service System v. Minnesota Pub. Interest Research Group*, 468 U.S. 841, 847, 104 S.Ct. 3348, 82 L.Ed.2d 632 (1984).

In *Selective Service System*, the Supreme Court noted that, to constitute a bill of attainder, the statute must (1) specify the affected persons, and (2) inflict punishment (3) without a judicial trial. *Id.* Three inquiries determine whether a statute inflicts punishment on the specified individual or group:(1) whether the challenged statute falls within the historical meaning of legislative punishment; (2) whether the statute, viewed in terms of the type and severity of burdens imposed, reasonably can be said to further nonpunitive legislative purposes; and (3) whether the legislative record evinces a congressional intent to punish. *Id.* at 852, 104 S.Ct. 3348. Although Plaintiff vigorously argues that the Vexatious Litigant Statute is a "sadistic" statute that was enacted for the sole purpose of punishing pro se litigants, there is simply no credible support for this conclusion outside of Plaintiff's own speculative theories. As noted previously, it has been consistently recognized that the purpose of the statute was to protect courts and defendants from "the unreasonable burden placed upon [them] by groundless litigation." *First Western Dev. Corp. v. Superior Court*, 212 Cal.App.3d 860, 870,

261 Cal.Rptr. 116 (1989). Since this purpose is decidedly legitimate and non-punitive, Plaintiff has not demonstrated that the Vexatious Litigant Statute is a "bill of attainder."

### 8. Supremacy Clause.

Last, Plaintiff argues that the Vexatious Litigant Statute conflicts with numerous federal laws thereby violating the Supremacy Clause of the United States Constitution. Specifically, he contends that the Vexatious Litigant Statute "conflicts with the right under Title 28 U.S.C. § 1654 to litigate in pro per and the right provided under Title 28 U.S.C. § 1915 … to conduct a case without prepayment of fees or imposition of 'security.'" Additionally, Plaintiff argues that the statute violates 42 U.S.C. § 1983.[9] All of these arguments lack merit.

First, there is no inherent conflict with 28 U.S.C. § 1654, which provides that "parties may plead and conduct their own cases personally" according to *the rules of such courts. Id.* Nor is there a conflict with 28 U.S.C. § 1915, which explicitly provides that a federal court may dismiss a case filed *in forma pauperis* if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e). As to Plaintiff's § 1983 claim, as previously explained, *supra*, this is premised on his flawed assumption that a person has an absolute right to file litigation, regardless of its merits. There is no such right under the Constitution. *See Bill Johnson's Restaurants, Inc.*, 461 U.S. at 743, 103 S.Ct. 2161 ("[B]aseless litigation is not immunized by the First Amendment right to petition."). Accordingly,

9. Plaintiff also argues that the Vexatious Litigant Statute improperly "enables a state court to prohibit and punish a pro se litigant for failing to prevail in five litigations in a federal court under federal standards." However, he fails to articulate how this violates the Supremacy Clause.

Plaintiff has failed to state a claim under the Supremacy Clause.

### 9. Third Party Standing.

 Although the Court has concluded that the Vexatious Litigant Statute is constitutional and that Defendants are entitled to judgment as a matter of law on the merits of Plaintiff's Complaint, the Court will briefly address Defendant's objection to Plaintiff's purported third-party standing.

As previously noted, *supra*, Plaintiff seeks declaratory judgment in this action on behalf of himself and on behalf of "all persons appearing or trying to appear in the Courts of California without benefit of representation by counsel." First Amended Complaint ("FAC") at 1:23–25. Defendants have conceded that Plaintiff has standing to pursue this action on behalf of himself. *See Wolfe*, 392 F.3d at 364 (finding that Plaintiff's prior state court actions are sufficient to establish that Plaintiff is threatened with actual harm from the future operation of the Vexatious Litigant Statute and therefore sufficient to establish standing). However, Defendants argue that Plaintiff does *not* have standing to assert constitutional rights on behalf of other persons.

"Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.' " *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 471, 102

S.Ct. 752, 70 L.Ed.2d 700 (1982) (citations omitted). Generally, there are three requirements for Article III standing: (1) injury in fact, which means an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal relationship between the injury and the challenged conduct, which means that the injury fairly can be traced to the challenged action of the defendants, and has not resulted from the independent action of some third party not before the court; and (3) a likelihood that the injury will be redressed by a favorable decision, which means that the prospect of obtaining relief from the injury as a result of a favorable ruling is not too speculative. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The party invoking federal jurisdiction bears the burden of establishing each of these elements. *Id.*

Courts typically employ a presumption against third-party standing. *Singleton v. Wulff*, 428 U.S. 106, 113–14, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). However, the presumption may be rebutted in circumstances where: (1) the litigant has suffered an injury in fact and has a close relation to the third party; and (2) where there is some hindrance to the third-party's ability to protect his or her own interests. *See Powers v. Ohio*, 499 U.S. 400, 411, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). Plaintiff argues that he meets both of these exceptions due to the unique nature and circumstances of this case.[10] The Court

---

**10.** Plaintiff has also filed a Request for Judicial Notice [Docket No. 285] asking the Court to take judicial notice of the following documents: (1) a June 30, 1999 copy of the Vexatious Litigant List, (2) an incomplete excerpt from a December 15, 2004 article of the *Daily Journal* regarding Plaintiff; (3) a copy of the Prefiling Order form used by the California courts; and (4) an April 29, 2005 copy of the Vexatious Litigant List. Plaintiff does not clearly explain why he wants the Court to take judicial notice of these documents.

However, it appears to the Court that some of these documents are tangentially related to Plaintiff's third-part standing argument. Accordingly, Plaintiff's Request for Judicial Notice is GRANTED IN PART AND DENIED IN PART. The Court hereby takes judicial notice of the June 30, 1999 copy of the Vexatious Litigant List, the December 15, 2004 *Daily Journal* article, and the April 29, 2005 copy of the Vexatious Litigant List for the limited

does not find Plaintiff's argument persuasive. First, Plaintiff's contention that "all persons appearing or trying to appear in the Courts of California without benefit of representation by counsel" are subjected to the Vexatious Litigant Statute results from a gross misreading of the Statute. As this Court has observed, *supra*, the terms of the Statute make it clear that it applies to only a limited class of persons; specifically, it applies only to those persons who have demonstrated a clear inability to pursue meritorious litigation or who have utterly failed to adroitly navigate the California court system. Accordingly, the class of persons that Plaintiff seeks to represent is unnecessarily overbroad and, therefore, Plaintiff has not demonstrated that he has a close relationship with such parties. Second, Plaintiff has not effectively demonstrated that there is any hindrance to the third parties' abilities to protect their own interests. To the contrary, as Defendants correctly note, a person determined to be a "vexatious litigant" can always challenge such determination through the appropriate appellate process. In fact, it appears that Plaintiff's belief that third parties are hindered in pursuing such litigation is premised solely on Plaintiff's subjective belief that other persons are not capable of "proceeding with the level of ability and competence that they now have with Wolfe effectively representing them." Pl's Supp. Reply to Def's Mot. at 12:8–10. This argument has no basis in law or fact. Further, because the Court has concluded that Plaintiff has not raised a cognizable claim under the First Amendment, the Supreme Court's holding in *Broadrick v. Oklahoma*, 413 U.S. 601, 612, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973) does not support Plaintiff's position. *See id.* (finding that the restriction on third-party standing is relaxed when the plaintiff is asserting a First Amendment claim). Ac-

cordingly, the Court sustains Defendants' objection to Plaintiff's assertion of standing on behalf of "all persons appearing or trying to appear in the Courts of California without benefit of representation by counsel."

## CONCLUSION

IT IS HEREBY ORDERED THAT Plaintiff's Motion for Judgment on the Pleadings [Docket No. 264] is DENIED and Defendants' Cross–Motion for Judgment on the Pleadings [Docket No. 276] is GRANTED.

IT IS FURTHER ORDERED THAT Plaintiff's Request for Judicial Notice [Docket No. 285] is GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

### JUDGMENT

In accordance with the Court's Order denying Plaintiff's Motion for Judgment on the Pleadings and granting Defendants' Cross–Motion for Judgment on the Pleadings,

IT IS HEREBY ORDERED THAT final judgment is entered in favor of Defendants on all of Plaintiff's causes of action. All matters calendared in this action are VACATED. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

---

purpose of determining whether Plaintiff has third-party standing.