NO. 07-07-0245-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 9, 2008
_____

IN RE R. WAYNE JOHNSON, RELATOR
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON PETITION FOR WRIT OF MANDAMUS**

Relator R. Wayne Johnson seeks a writ of mandamus directed at respondent, Honorable Ruben Reyes, Judge of the 72nd District Court of Lubbock County. Relator's petition asks that we direct Judge Reyes to set aside an order entered in Cause No. 2007-538,138, dismissing relator's suit because he failed to obtain permission of the local administrative judge before filing suit.[1]

A writ of mandamus is a judicial writ directed at an individual, official, or board, to whom it is addressed, to perform some specific legal duty to which the relator is entitled under legal right to have performed. *Crowley v. Carter*, 192 S.W.2d 787, 790

_____

[1]As a result of prior litigation, the 156th District Court in Bee County found relator to be a "vexatious litigant" under Chapter 11 of the Texas Civil Practice and Remedies Code (Vernon 2002). In 2001, that court rendered an order pursuant to § 11.101 of that chapter prohibiting relator from initiating litigation in Texas courts without obtaining permission of "a local administrative judge."

(Tex.Civ.App.–Fort Worth 1946, no writ). To be entitled to mandamus relief, a petitioner must show that: (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re McAllen Medical Center Inc.,* No. 05-0892, 2008 WL 2069837 (Tex. May 16, 2008), *citing In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-36 (Tex.2004). A mandamus proceeding is not to be used as a substitute for an ordinary appeal. *See Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 59-60 (Tex. 1991) (orig. proceeding) (a mandamus proceeding may not be used to bypass the appeals process). It is an extraordinary remedy available only in limited circumstances, and not for grievances that may be addressed by other remedies such as an appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)*; In re Certain Underwriters at Lloyd's*, 106 S.W.3d 332, 333 (Tex.App.–Dallas 2003) (orig. proceeding).

On a previous occasion, we denied a petition for mandamus relator filed, in which he sought relief from a similar order dismissing a suit because of his failure to obtain the permission of the local administrative judge as required by § 11.102 of the Civil Practice and Remedies Code. *In re Johnson*, No. 07-04-0416-CV, 2004 WL 1879652 (Tex.App.–Amarillo Aug. 23, 2004) (orig. proceeding). One of our reasons for denying mandamus relief was that relator had an adequate remedy by appeal from the dismissal order. *Id*.

In his present petition, relator points out that the trial court's order of which he complains dismissed his suit "without prejudice." He cites *Mossler v. Shields*, 818 S.W.2d 752 (Tex. 1991) and *Lentworth v. Trahan,* 981 S.W.2d 720 (Tex.App.–Houston [1st Dist.]

2

1998 no pet.), for the proposition that dismissal of a case with prejudice is an adjudication on the case's merits. He also cites us to cases holding that interlocutory orders are not appealable absent explicit statutory provision. E.g., *Kaplan v. Tiffany Development Corp.*, 69 S.W.3d 212, 217 (Tex.App.–Corpus Christi 2001, no pet.). From this case law, relator reasons that the trial court's order dismissing his suit without prejudice was not appealable, making mandamus relief available. The reasoning is faulty.

Relator is correct that we generally have appellate jurisdiction only over appeals from final judgments, and interlocutory orders may be appealed only if permitted by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). A judgment that disposes of all pending parties and claims in the record is final for purposes of appeal. *Lehmann*, 39 S.W.3d at 195. This is true even though it may not be final for other purposes, such as res judicata. *Id.*[2] Here, there appears no dispute that the trial court's order dismissed all relator's claims against all parties. Accordingly, the order was final and appealable. *Id.* That the dismissal was "without prejudice" to relator's refiling the case with permission of the local administrative judge did not make it a nonappealable interlocutory order. *See Childers v. Advanced*

---

[2] The court in *Lentworth* noted dismissals with prejudice constitute adjudications on the merits, giving them res judicata effect. *Lentworth,* 981 S.W.2d at 722. *Mossler* also dealt with the effect of a dismissal with prejudice on a subsequent suit presenting the same claims. *Mossler,* 818 S.W.2d at 754. Neither addressed the finality of a judgment for purposes of its appealability.

*Foundation Repair, L.P.*, 193 S.W.3d 897, 898 (Tex. 2006) (per curiam) (judgment dismissing claims without prejudice held final and appealable).[3]

Because he could have attacked the validity of the order through the appeal process, we find that relator had an adequate remedy by law. Relator has the burden to show entitlement to the relief being requested. *See generally Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Because relator's petition does not demonstrate that he had no adequate remedy by law, his petition is insufficient to establish his entitlement to mandamus relief.

Moreover, relator's argument the trial court abused its discretion by dismissing his case is founded on the contention that it violated his rights under the Due Process Clause of the Fourteenth Amendment. U.S. Const., amend. XIV. Relator's suit was dismissed under our statutory provisions addressing litigation brought by persons who have been determined to be vexatious litigants. Tex. Civ. Prac. & Rem. Code Ann. §§ 11.001, et seq. (Vernon 2002). Courts have upheld our state's vexatious litigant statute, and similar statutes in other states, against constitutional claims like those relator asserts. *See Leonard v. Abbott*, 171 S.W.3d 451 (Tex.App.–Austin 2005, pet. denied) (rejecting constitutional challenges including due process claim based on vagueness); *Wolfe v. George*, 385 F.Supp.2d 1004, 1013-16 (N.D. Cal. 2005), *aff'd* 486 F.3d 1120 (9th Cir. 2007)

---

[3] *See also Winter Garden Land Co. v. Zavalla-Dimmit Counties Water Improvement,* 5 S.W.2d 606, 609 (Tex.Civ.App.–El Paso1928, writ dism'd w.o.j.) (indicating long held principle that a judgment "without prejudice" should be regarded as final in the appealable sense, though not in the *res judicata* sense, when it dismisses and disposes of all issues, even though another action could be brought).

(upholding California's very similar vexatious litigant statute against constitutional challenges including due process and equal protection); *Wolfgram v. Wells Fargo Bank*, 61 Cal.Rptr.2d 694 (1997), *cert. denied* 522 U.S. 937, 118 S.Ct. 347, 139 L.Ed.2d 270 (rejecting due process challenge to prefiling order). *See also Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997) (rejecting equal protection and due process challenges to the federal "three strikes" provision, which requires advance permission for the filing of suits by prisoners proceeding In Forma Pauperis who have previously filed three or more frivolous suits).

For both these reasons, we deny relator's petition for writ of mandamus.


James T. Campbell
Justice