**In re CERTAIN UNDERWRITERS AT LLOYD'S and Certain London Market Companies, Relators.**

No. 05–03–00504–CV.

Court of Appeals of Texas, Dallas.

May 5, 2003.

Rehearing Overruled June 4, 2003.

---

**4.** *See Emery,* 881 S.W.2d at 705; *Narvaiz,* 840 S.W.2d at 423.

**5.** *See Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789.

David S. Coale, Carringtion, Coleman, Sloman & Blumenthal, Dallas, for Relators.

David L. Patterson, Godwin, White & Gruber, P.C., Dallas, for real party in interest.

Before Justices WHITTINGTON, O'NEILL, and LANG.

## OPINION

Opinion by Justice WHITTINGTON.

In this original proceeding, relators seek a writ of mandamus directing the trial judge to vacate his Amended Order Granting Plaintiff's Amended Motion to Compel Posting of Security or Bond. Because relators have an adequate remedy by appeal, we deny the petition.

The trial judge entered an order requiring relators (defendants in the underlying lawsuit) to deposit with the District Clerk of Dallas County "cash or securities or a good and sufficient bond" pursuant to article 1.36, section 11(a) of the Texas Insurance Code. TEX. INS.CODE ANN. Art. 1.36, § 11(a) (Vernon Supp.2003). The total amount to be deposited was $8,098,441.40. The largest portion of this amount, $6,091,149.18, has been deposited by the "London Market Defendants," to be invested by the District Clerk during the pendency of the lawsuit. The remaining amount is to be deposited by other relators before May 17, 2003. From the wording of the trial court's April 7, 2003 order, it appears that all monies deposited as security in this case will be placed in an interest-bearing account with the District Clerk.

Mandamus will not issue absent a clear abuse of discretion that leaves the aggrieved party no adequate remedy at law. *Liberty Nat'l Fire Ins. Co. v. Akin,* 927 S.W.2d 627, 629–30 (Tex.1996). Mandamus is intended to be an extraordinary remedy, available only in limited circumstances, and not for grievances that may be addressed by other remedies such as an appeal. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). A remedy by ordinary appeal is not inadequate merely because it may involve more expense or delay than obtaining an ordinary writ. *Walker,* 827 S.W.2d at 842. As the *Walker* court stated:

> It is not enough to show merely the delay, inconvenience, or expense of an appeal. *Rather, the relator must establish the effective denial of a reasonable opportunity to develop the merits of his or her case, so that the trial would be a waste of judicial resources.*

*Walker,* 827 S.W.2d at 843 (emphasis added).

Relators have made no such showing here. The trial judge's order requires them to deposit "cash or securities or a good and sufficient bond" in a specific amount with the District Clerk of Dallas County. Relators do not contend these deposits will preclude them from developing the merits of their case, or that they are in danger of permanently losing substantial rights. *See Canadian Helicopters Ltd. v. Wittig,* 876 S.W.2d 304, 306 (Tex. 1994) (burden of showing an abuse of discretion as well as the inadequacy of reme-

dy by appeal is a "heavy one," met only when parties are in danger of permanently losing substantial rights). Thus, relators have not met their burden of proof.

Because we hold relators have an adequate remedy by appeal, we need not reach the issue whether the trial judge abused his discretion in entering the challenged order. *See Canadian Helicopters, Ltd.*, 876 S.W.2d at 310 (court need not reach abuse of discretion issue where adequate remedy by appeal existed). The petition for writ of mandamus is denied.