NO. 07-02-0387-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



SEPTEMBER 22, 2003


______________________________



EDWARD REVETERIANO
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 44127-C; HON. PATRICK A. PIRTLE, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Appellant Edward Reveteriano appeals from a judgment revoking his community
supervision and sentencing him to three years imprisonment. In October of 2001,
appellant pled guilty to the offense of burglary of a habitation pursuant to a plea bargain
agreement. He was sentenced to four years confinement, which was probated for four
years. The State subsequently filed a motion to revoke his probation. At the hearing,
appellant pled true to the allegations as alleged in the motion. The trial court found that
the allegations were true and revoked appellant's probation. However, he reduced
appellant's sentence to three years in prison.

 Appellant's counsel has now moved to withdraw, after filing a brief pursuant to
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and representing
that he has searched the record and found no arguable grounds for reversal. The motion
and brief illustrate that counsel notified appellant of his right to review the appellate record
and file his own brief. So too did we inform appellant that any pro se response or brief he
cared to file had to be filed by September 10, 2003. No response has been received. 

 In compliance with the principles enunciated in Anders, appellate counsel explained
why there existed no arguable ground for appeal. For instance, he acknowledged that
appellant testified at the plea hearing that he was not aware that the burglary was about
to be committed. However, appellant did admit that he was at "the wrong place at the
wrong time" and that his attorney had explained the law of parties which he understood. 
Appellate counsel further pointed out that appellant pled guilty and was properly
admonished by the trial court and that his plea was voluntary. See Edwards v. State, 921
S.W.2d 477, 481 (Tex. App.--Houston [1st Dist.] 1996, no pet.).

 We have also conducted an independent review of the record to determine whether
there existed reversible error and found none. See Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991) (requiring us to conduct an independent review). No appeal was
taken within 30 days from the date of appellant's guilty plea and order placing him on
community supervision; thus, we have no jurisdiction over purported error arising at or
before that hearing. Manuel v. State, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999). 
Further, the punishment assessed was within the range prescribed by law. Tex. Pen. Code
Ann. §30.02(c)(2) (Vernon 2002) (stating the offense is a second degree felony); Id.
§12.33(a) (stating the range of punishment for a second degree felony is not more than 20
years or less than two years). 

 Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the
trial court

 Brian Quinn 

 Justice 


Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2003). 



mission of the local
administrative judge before filing suit.


 
          A writ of mandamus is a judicial writ directed at an individual, official, or board, to
whom it is addressed, to perform some specific legal duty to which the relator is entitled
under legal right to have performed. Crowley v. Carter, 192 S.W.2d 787, 790
(Tex.Civ.App.–Fort Worth 1946, no writ). To be entitled to mandamus relief, a petitioner
must show that: (1) the trial court clearly abused its discretion; and (2) the relator has no
adequate remedy by appeal. In re McAllen Medical Center Inc., No. 05-0892, 2008 WL
2069837 (Tex. May 16, 2008), citing In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex.2004). A mandamus proceeding is not to be used as a substitute for an ordinary
appeal. See Hooks v. Fourth Court of Appeals, 808 S.W.2d 56, 59-60 (Tex. 1991) (orig.
proceeding) (a mandamus proceeding may not be used to bypass the appeals process).
It is an extraordinary remedy available only in limited circumstances, and not for grievances
that may be addressed by other remedies such as an appeal. Walker v. Packer, 827
S.W.2d 833, 840 (Tex. 1992) (orig. proceeding); In re Certain Underwriters at Lloyd’s, 106
S.W.3d 332, 333 (Tex.App.–Dallas 2003) (orig. proceeding).
          On a previous occasion, we denied a petition for mandamus relator filed, in which
he sought relief from a similar order dismissing a suit because of his failure to obtain the
permission of the local administrative judge as required by § 11.102 of the Civil Practice
and Remedies Code. In re Johnson, No. 07-04-0416-CV, 2004 WL 1879652
(Tex.App.–Amarillo Aug. 23, 2004) (orig. proceeding). One of our reasons for denying
mandamus relief was that relator had an adequate remedy by appeal from the dismissal
order. Id. 
          In his present petition, relator points out that the trial court’s order of which he
complains dismissed his suit “without prejudice.” He cites Mossler v. Shields, 818 S.W.2d
752 (Tex. 1991) and Lentworth v. Trahan, 981 S.W.2d 720 (Tex.App.–Houston [1st Dist.]
1998 no pet.), for the proposition that dismissal of a case with prejudice is an adjudication
on the case’s merits. He also cites us to cases holding that interlocutory orders are not
appealable absent explicit statutory provision. E.g., Kaplan v. Tiffany Development Corp.,
69 S.W.3d 212, 217 (Tex.App.–Corpus Christi 2001, no pet.). From this case law, relator
reasons that the trial court’s order dismissing his suit without prejudice was not appealable,
making mandamus relief available. The reasoning is faulty. 
          Relator is correct that we generally have appellate jurisdiction only over appeals
from final judgments, and interlocutory orders may be appealed only if permitted by statute. 
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001); Jack B. Anglin Co., Inc. v.
Tipps, 842 S.W.2d 266, 272 (Tex. 1992). A judgment that disposes of all pending parties
and claims in the record is final for purposes of appeal. Lehmann, 39 S.W.3d at 195. This
is true even though it may not be final for other purposes, such as res judicata. Id.


 Here,
there appears no dispute that the trial court’s order dismissed all relator’s claims against
all parties. Accordingly, the order was final and appealable. Id. That the dismissal was
“without prejudice” to relator’s refiling the case with permission of the local administrative
judge did not make it a nonappealable interlocutory order. See Childers v. Advanced
Foundation Repair, L.P., 193 S.W.3d 897, 898 (Tex. 2006) (per curiam) (judgment
dismissing claims without prejudice held final and appealable).


 
          Because he could have attacked the validity of the order through the appeal
process, we find that relator had an adequate remedy by law. Relator has the burden to
show entitlement to the relief being requested. See generally Johnson v. Fourth Court of
Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Because relator’s petition
does not demonstrate that he had no adequate remedy by law, his petition is insufficient
to establish his entitlement to mandamus relief. 
          Moreover, relator’s argument the trial court abused its discretion by dismissing his
case is founded on the contention that it violated his rights under the Due Process Clause
of the Fourteenth Amendment. U.S. Const., amend. XIV. Relator’s suit was dismissed
under our statutory provisions addressing litigation brought by persons who have been
determined to be vexatious litigants. Tex. Civ. Prac. & Rem. Code Ann. §§ 11.001, et seq.
(Vernon 2002). Courts have upheld our state’s vexatious litigant statute, and similar
statutes in other states, against constitutional claims like those relator asserts. See
Leonard v. Abbott, 171 S.W.3d 451 (Tex.App.–Austin 2005, pet. denied) (rejecting
constitutional challenges including due process claim based on vagueness); Wolfe v.
George, 385 F.Supp.2d 1004, 1013-16 (N.D. Cal. 2005), aff’d 486 F.3d 1120 (9th Cir. 2007)
(upholding California’s very similar vexatious litigant statute against constitutional
challenges including due process and equal protection); Wolfgram v. Wells Fargo Bank,
61 Cal.Rptr.2d 694 (1997), cert. denied 522 U.S. 937, 118 S.Ct. 347, 139 L.Ed.2d 270
(rejecting due process challenge to prefiling order). See also Carson v. Johnson, 112 F.3d
818, 821-22 (5th Cir. 1997) (rejecting equal protection and due process challenges to the
federal “three strikes” provision, which requires advance permission for the filing of suits
by prisoners proceeding In Forma Pauperis who have previously filed three or more
frivolous suits).
          For both these reasons, we deny relator’s petition for writ of mandamus.
 
 
                                                                           James T. Campbell

                                                                                    Justice