NO. 07-04-0416-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 23, 2004

_____

IN RE R. WAYNE JOHNSON, RELATOR
_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**ON PETITION FOR WRIT OF MANDAMUS**

Relator R. Wayne Johnson seeks a writ of mandamus directed at respondent, Honorable J. Blair Cherry, Jr., Judge of the 72nd District Court of Lubbock County. Relator's petition asks this court to set aside an order, entered by Judge Cherry in Cause No. 2004-526,504, dismissing relator's suit because he failed to obtain permission of the local administrative judge before filing suit.[1]

We first note that relator's petition does not comply with the mandatory requirements of Rule 52.3 of the Texas Rules of Appellate Procedure. It lacks a table of contents (Rule

---

[1]As a result of prior litigation, the 156th District Court in Bee County found appellant to be a "vexatious litigant" under Chapter 11 of the Texas Civil Practice and Remedies Code (Vernon 2002). In 2001, that court rendered an order pursuant to Section 11.101 of that chapter purporting to prohibit appellant from initiating litigation in Texas courts without obtaining permission of "a local administrative judge."

52.3 (b), index of authorities (Rule 52.3(c)), a statement of the case (52.3(d)), and an appendix (52.3(j)).

Next, relator names Judge Cherry as the respondent, but does not request we direct him to take any specific action.[2] Instead, he asks this court to take action. A writ of mandamus is a judicial writ directed at an individual, official, or board, to whom it is addressed, to perform some specific legal duty to which the relator is entitled under legal right to have performed. *Crowley v. Carter*, 192 S.W.2d 787, 790 (Tex.Civ.App.–Fort Worth 1946, no writ). A writ of mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law, when there is no other adequate remedy by law. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding). A mandamus proceeding is not to be used as a substitute for an ordinary appeal. *See Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 59-60 (Tex. 1991) (orig. proceeding) (a mandamus proceeding may not be used to bypass the appeals process). It is an extraordinary remedy available only in limited circumstances, and not for grievances that may be addressed by other remedies such as an appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)*; In re Certain Underwriters at Lloyd's*, 106 S.W.3d 332, 333 (Tex.App.–Dallas 2003) (orig. proceeding).

The trial court's order dismissing relator's case is a final, appealable judgment. *See Stewart v. USA Custom Paint & Body Shop*, 870 S.W.2d 18, 20 (Tex. 1994) (properly

---

[2]Relator asks this court to direct Judge Cherry to file a response to the petition. It is not mandatory that the respondent file a response. Tex. R. App. P. 52.4. We do not find a response is necessary here.

executed order of dismissal is a judgment).  Relator asks this court to set aside a final order of the trial court, but has failed to pursue an appeal of that order.  Because he could have attacked the validity of the order through the appeal process, we find that relator had an adequate remedy by law.  Relator has the burden to show entitlement to the relief being requested. *See generally Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).  Because relator's petition does not demonstrate that he had no adequate remedy by law, his petition is insufficient to establish his entitlement to mandamus relief.

Without expressing any opinion on the validity of the 72nd District Court's order, we deny relator's petition for writ of mandamus.

James T. Campbell
Justice