NO. 07-07-0245-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B 

 JULY 9, 2008
______________________________

IN RE R. WAYNE JOHNSON, RELATOR
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
ON PETITION FOR WRIT OF MANDAMUS
Â Â Â Â Â Â Â Â Â Â Relator R. Wayne Johnson seeks a writ of mandamus directed at respondent,
Honorable Ruben Reyes, Judge of the 72nd District Court of Lubbock County. Relatorâs
petition asks that we direct Judge Reyes to set aside an order entered in Cause No. 2007-538,138, dismissing relatorâs suit because he failed to obtain permission of the local
administrative judge before filing suit.


 
Â Â Â Â Â Â Â Â Â Â A writ of mandamus is a judicial writ directed at an individual, official, or board, to
whom it is addressed, to perform some specific legal duty to which the relator is entitled
under legal right to have performed. Crowley v. Carter, 192 S.W.2d 787, 790
(Tex.Civ.App.âFort Worth 1946, no writ). To be entitled to mandamus relief, a petitioner
must show that: (1) the trial court clearly abused its discretion; and (2) the relator has no
adequate remedy by appeal. In re McAllen Medical Center Inc., No. 05-0892, 2008 WL
2069837 (Tex. May 16, 2008), citing In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex.2004). A mandamus proceeding is not to be used as a substitute for an ordinary
appeal. See Hooks v. Fourth Court of Appeals, 808 S.W.2d 56, 59-60 (Tex. 1991) (orig.
proceeding) (a mandamus proceeding may not be used to bypass the appeals process).
It is an extraordinary remedy available only in limited circumstances, and not for grievances
that may be addressed by other remedies such as an appeal. Walker v. Packer, 827
S.W.2d 833, 840 (Tex. 1992) (orig. proceeding); In re Certain Underwriters at Lloydâs, 106
S.W.3d 332, 333 (Tex.App.âDallas 2003) (orig. proceeding).
Â Â Â Â Â Â Â Â Â Â On a previous occasion, we denied a petition for mandamus relator filed, in which
he sought relief from a similar order dismissing a suit because of his failure to obtain the
permission of the local administrative judge as required by Â§ 11.102 of the Civil Practice
and Remedies Code. In re Johnson, No. 07-04-0416-CV, 2004 WL 1879652
(Tex.App.âAmarillo Aug. 23, 2004) (orig. proceeding). One of our reasons for denying
mandamus relief was that relator had an adequate remedy by appeal from the dismissal
order. Id. 
Â Â Â Â Â Â Â Â Â Â In his present petition, relator points out that the trial courtâs order of which he
complains dismissed his suit âwithout prejudice.â He cites Mossler v. Shields, 818 S.W.2d
752 (Tex. 1991) and Lentworth v. Trahan, 981 S.W.2d 720 (Tex.App.âHouston [1st Dist.]
1998 no pet.), for the proposition that dismissal of a case with prejudice is an adjudication
on the caseâs merits. He also cites us to cases holding that interlocutory orders are not
appealable absent explicit statutory provision. E.g., Kaplan v. Tiffany Development Corp.,
69 S.W.3d 212, 217 (Tex.App.âCorpus Christi 2001, no pet.). From this case law, relator
reasons that the trial courtâs order dismissing his suit without prejudice was not appealable,
making mandamus relief available. The reasoning is faulty. 
Â Â Â Â Â Â Â Â Â Â Relator is correct that we generally have appellate jurisdiction only over appeals
from final judgments, and interlocutory orders may be appealed only if permitted by statute. 
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001); Jack B. Anglin Co., Inc. v.
Tipps, 842 S.W.2d 266, 272 (Tex. 1992). A judgment that disposes of all pending parties
and claims in the record is final for purposes of appeal. Lehmann, 39 S.W.3d at 195. This
is true even though it may not be final for other purposes, such as res judicata. Id.


 Here,
there appears no dispute that the trial courtâs order dismissed all relatorâs claims against
all parties. Accordingly, the order was final and appealable. Id. That the dismissal was
âwithout prejudiceâ to relatorâs refiling the case with permission of the local administrative
judge did not make it a nonappealable interlocutory order. See Childers v. Advanced
Foundation Repair, L.P., 193 S.W.3d 897, 898 (Tex. 2006) (per curiam) (judgment
dismissing claims without prejudice held final and appealable).


 
Â Â Â Â Â Â Â Â Â Â Because he could have attacked the validity of the order through the appeal
process, we find that relator had an adequate remedy by law. Relator has the burden to
show entitlement to the relief being requested. See generally Johnson v. Fourth Court of
Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Because relatorâs petition
does not demonstrate that he had no adequate remedy by law, his petition is insufficient
to establish his entitlement to mandamus relief. 
Â Â Â Â Â Â Â Â Â Â Moreover, relatorâs argument the trial court abused its discretion by dismissing his
case is founded on the contention that it violated his rights under the Due Process Clause
of the Fourteenth Amendment. U.S. Const., amend. XIV. Relatorâs suit was dismissed
under our statutory provisions addressing litigation brought by persons who have been
determined to be vexatious litigants. Tex. Civ. Prac. & Rem. Code Ann. Â§Â§ 11.001, et seq.
(Vernon 2002). Courts have upheld our stateâs vexatious litigant statute, and similar
statutes in other states, against constitutional claims like those relator asserts. See
Leonard v. Abbott, 171 S.W.3d 451 (Tex.App.âAustin 2005, pet. denied) (rejecting
constitutional challenges including due process claim based on vagueness); Wolfe v.
George, 385 F.Supp.2d 1004, 1013-16 (N.D. Cal. 2005), affâd 486 F.3d 1120 (9th Cir. 2007)
(upholding Californiaâs very similar vexatious litigant statute against constitutional
challenges including due process and equal protection); Wolfgram v. Wells Fargo Bank,
61 Cal.Rptr.2d 694 (1997), cert. denied 522 U.S. 937, 118 S.Ct. 347, 139 L.Ed.2d 270
(rejecting due process challenge to prefiling order). See also Carson v. Johnson, 112 F.3d
818, 821-22 (5th Cir. 1997) (rejecting equal protection and due process challenges to the
federal âthree strikesâ provision, which requires advance permission for the filing of suits
by prisoners proceeding In Forma Pauperis who have previously filed three or more
frivolous suits).
Â Â Â Â Â Â Â Â Â Â For both these reasons, we deny relatorâs petition for writ of mandamus.
Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â James T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice









Â Â Â Â Â Â Â Â Â Â 






ked="false" Priority="65" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium List 1 Accent 6"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00205-CV

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL A

Â 



AUGUST
15, 2011

Â 



Â 

HAROLD F. EGGERS, JR., APPELLANT

Â 

v.

Â 

JOHN TOWNES VAN ZANDT, II, WILLIAM VINCENT VAN ZANDT, K. B. V. Z., A MINOR
BY AND THROUGH HER NEXT FRIEND JEANENE VAN ZANDT, JEANENE VAN ZANDT, AND TVZ
RECORDS, LLC, APPELLEES 



Â 



Â 

 FROM THE 345TH DISTRICT COURT OF
TRAVIS COUNTY;

Â 

NO. D-1GN-06-01169; HONORABLE GISELA D. TRIANA-DOYAL, JUDGE



Â 



Â 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

Â 

Â 

MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Appellant
Harold F. Eggers, Jr. sought to proceed on appeal without advance payment of
costs by filing an affidavit of indigence.Â 
Appellees[1]
contested the affidavit and the trial court sustained the contest.Â  On EggersÂ appeal, we find the trial court
did not abuse its discretion by sustaining the contest, and will affirm its
order.

Background

Â Â Â Â Â Â Â Â Â Â Â  The
Van Zandts sued Eggers for declaratory relief and damages on claims arising
from the ownership of rights to sound recordings of the late musician, John
Townes Van Zandt.Â  The case was tried to
a jury which found in favor of the Van Zandts.Â 
The court signed a money judgment on December 15, 2009.[2]Â  Following the completion of trial but before
judgment, Eggers filed for relief under Chapter 13 of the United States
Bankruptcy Code.[3]Â  His Chapter 13 plan was confirmed by order of
the bankruptcy court.

Meanwhile, Eggers filed a notice of
appeal of the December 2009 judgment in the underlying case.Â  He qualified for pro bono appellate
representation by a volunteer attorney through a program of the Appellate Law
Section of the State Bar of Texas.Â  At
the hearing on appelleesÂ contest, Eggers testified the estimated total cost of
the reporterÂs record and the clerkÂs record is $8,500.Â  EggerÂs pro bono counsel testified neither he
nor his firm agreed to advance or pay EggersÂ costs on appeal.Â  The trial court sustained the contest and
Eggers challenges the order through this separate appeal.Â  For this appeal, we ordered preparation of a
record limited to the indigence proceedings.[4]Â  Findings of fact and conclusions of law were
not requested or filed.[5]

Analysis

Eggers presents one issue through
which he argues the trial court abused its discretion in sustaining appelleesÂ
contest.Â  In support, he specifically
contends his evidence of entitlement to veteransÂ disability benefits was prima
facie proof of indigence which went unrebutted; his affidavit and hearing
evidence established indigence; and his qualification for pro bono
representation through the volunteer attorney program established indigence Âas
a matter of law.Â 

On appeal of an order sustaining a
challenge to an affidavit of indigence, we review the trial courtÂs ruling
under the abuse of discretion standard.Â  White v. Bayless, 40 S.W.3d 574, 576
(Tex.App.--San Antonio 2001, pet. denied).Â 
A trial court abuses its discretion if it acts without reference to any
guiding rules or principles; in other words, we must decide whether the
decision of the trial court was arbitrary or unreasonable.Â  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).Â  

ÂA party who cannot pay the costs in
an appellate court may proceed without advance payment of costs if the party
files an affidavit of indigence in compliance with [Rule of Appellate Procedure
20.1]; the claim of indigence is not contestable, is not contested, or, if
contested, the contest is not sustained by written order; and the party timely
files a notice of appeal.ÂÂ  Tex. R. App.
P. 20.1(2).Â  When a contest is filed, it
is the burden of the party filing an affidavit of indigence to prove the
affidavitÂs allegations.Â  Tex. R. App. P.
20.1(g).Â  ÂThe test for determining
indigence is straightforward: Does the record as a whole show by a
preponderance of the evidence that the applicant would be unable to pay the
costs, or a part thereof, or give security therefor, if he really wanted to and
made a good-faith effort to do so?ÂÂ  Higgins v. Randall County SheriffÂs Office,
257 S.W.3d 684, 686 (Tex. 2008) (internal quotation marks omitted, citing Pinchback v. Hockless, 139 Tex. 536,
539, 164 S.W.2d 19, 20 (Tex. 1942)).Â  

Receipt of VeteransÂ Disability
Payments

Eggers testified he is a military
veteran and has received veteransÂ disability benefits since 1972.Â  His initial 10 percent permanent disability
rating was later increased to 50 percent.Â 
According to Eggers, he receives disability benefits for anxiety and a
retention disorder.Â  He added that his
retention capacity is Âalmost gone.Â

Rule of Civil Procedure 145,
governing affidavits of indigency in the trial courts, defines a Âparty who is
unable to afford costsÂ as Âa person who is presently receiving a governmental
entitlement based on indigency or any other person who has no ability to pay
costs.Â Tex. R. Civ. P. 145.Â  In cases
under former Rule 40 of the Rules of Appellate Procedure, courts also found
that indigence was demonstrated by a showing of dependence on public
assistance.Â  See Griffin Indus. v.
Thirteenth Court of Appeals, 934 S.W.2d 349, 351 (Tex. 1996).Â  ÂThe fact that any individual is dependent
upon the charity of the public afforded through the various welfare programs
is, by itself, prima facie evidence that the person is financially unable to
pay the court costs or give security therefor.ÂÂ 
Id. (quoting Goffney v. Lowry, 554 S.W.2d 157, 159-60
(Tex. 1977)).

Recently, the Supreme Court of Texas
has pointed out that the current appellate procedure rule on indigency in civil
cases, Rule 20.1, Âdoes not contain the broad definition found in Civil Rule
145.ÂÂ  In re C.H.C., 331 S.W.3d 426, 430 n.7 (Tex. 2011).Â  The court went on to state that the case
before it did not require a determination Âwhether the standard mentioned in Griffin and present in Civil Rule 145
also applies to our new Appellate Rule 20.1.Â Id.

A claim for veteransÂ disability
benefits requires establishment of five elements: (1) veteran status; (2)
existence of a disability; (3) service connection of the disability; (4) degree
of disability; and (5) effective date of the disability.Â  Maggitt
v. West, 202 F.3d 1370, 1375 (Fed. Cir. 2000); see 38 U.S.C.A. Â§ 1110 (West 2002) (setting forth the basic
requirements for compensation for a disability resulting from active military
service during a period of war); 38 U.S.C.A. Â§ 1131 (West 2002) (setting forth
the basic requirements for a disability resulting from active military service
during other than a period of war).Â  The
veteran must have been Âdischarged or released under conditions other than
dishonorable.ÂÂ  38 U.S.C.A. Â§ 1110; 38
U.S.C.A. Â§ 1131.Â  

For demonstrating indigence based on
receipt of public assistance or charity, we find a material distinction between
dependence on a public charity and dependence on disability benefits.Â  Receipt of need-based public assistance means
the party asserting indigence on appeal has met the qualifying standard of a
government agency or program for receipt of need-based benefits.Â  Cf.
Tex. R. App. P. 20.1(a)(1) (affidavit of party meeting ruleÂs criteria,
including screening and rescreening by designated programs, may not be contested).Â  Civil Rule 145 speaks of Âgovernmental
entitlement based on indigency.Â Tex. R. Civ. P. 145.Â  Entitlement to veteransÂ disability benefits
is not based on the applicantÂs indigency.Â 


Assuming the standard previously
noted in Griffin and Rule of Civil
Procedure 145 also applies to Rule of Appellate Procedure 20.1, a question we
also need not address, we conclude Eggers did not make prima facie proof of
indigence merely by proving his receipt of veteransÂ disability benefits.

Proof of Indigence by Affidavit and
Hearing Evidence

At the hearing on appelleesÂ contest,
Eggers presented evidence of his financial condition.Â  His veteransÂ disability payment amounts to
$770 per month.Â  He also earns $150 per week
straightening displays for an Austin newspaper.Â 
For nine weeks during 2009, he did Âcomputer workÂ for an
individual.Â  He was terminated from this
position, however, as he was unable to perform the work.Â  Between the computer work and his newspaper
position, Eggers earned $6,600 in 2009.Â 
At the conclusion of the hearing, Eggers was permitted to address the
court.Â  In his narrative, among other
things Eggers explained, ÂIÂm in the music business.Â  We work on spec.ÂÂ  He added that he makes Ârecord dealsÂ which
require three years to complete.Â Â  

Eggers owns a condominium, free of
encumbrance, which he valued at $63,000.Â 
He testified this property was originally purchased with proceeds of a
loan made by his parents and was at times titled to his parents or his sister
to prevent him from selling or encumbrancing the dwelling.Â  Eggers owns a 2003 Toyota Matrix
automobile.Â  The vehicle has been driven
130,000 miles and requires repairs he said would cost in the Ârange of two thousand
dollars.ÂÂ  He also expressed the opinions
his assets[6]
are Âreally not worth anything,Â and any attempted sale would require approval
of the bankruptcy court.Â  Eggers
testified his monthly income is $1,370.

EggersÂ affidavit listed monthly
expenses totaling some $1325.Â 
Additionally, EggersÂ monthly plan payment in bankruptcy is
$201.88.Â  At the time of the hearing,
Eggers had not been ordered to make regularly scheduled child support payments
for his minor son nor did he voluntarily make such payments.

EggersÂ bankruptcy schedules were
appended to his affidavit of indigence. Â There, he itemized his personal property and
valued it collectively at $33,556.17.Â  He
listed Âaccounts receivableÂ described as Â[m]onies owed by TVZ recordsÂ as a
property item.Â  He valued the receivables
at $15,269.[7]Â  Eggers listed a Â50% interest in copyrights
to Townes Van Zandt recordings[,] Townes Van Zandt CD documentary [, and]
Richard Dobson CD--Mankind.ÂÂ  According
to the schedule, Eggers does not have an appraisal of these assets but values
them at $1,000.Â  Eggers listed an
interest in ÂDonovan/Eggers Music,Â with the explanation Âno present income,Â
and an interest in a book valued at Â$200/year for 10 years/$100 year for 20
years.ÂÂ  Eggers values these two assets
at $2,000 apiece although he testified neither is Âworth anythingÂ and the book
Âhad already had its day.Â

Â Â Â Â Â Â Â Â Â Â Â  There
was no evidence Eggers attempted to raise cash from his personal property for
payment of the reporterÂs record.Â  While
the overarching fact that Eggers is a Chapter 13 debtor sounds generally
synonymous with insolvency, specific facts demonstrating how his Chapter 13
plan could stymie an effort to generate funds for payment of the record, either
by asset liquidation or obtaining credit, were not presented to the trial
court.Â  Along with EggersÂ testimony
attributing little or no value to his business assets, the trial court also was
faced with his bankruptcy schedules in which he swore to the values we have
noted.Â  

Â Â Â Â Â Â Â Â Â Â Â  As
appellees point out, Eggers owns a condominium and personal property he valued
in excess of $33,000.Â  Even with his
Chapter 13 plan payment, Eggers presents a positive monthly cash flow and
offered no proof why some of his monthly expenses could not be further
reduced.Â  Cf. Morris v. Aguilar, No. 03-08-0078-CV, 2010 Tex. App. Lexis 5365,
at *9-*11 (Tex.App.--Austin July 9, 2010, pet. filed) (questioning why
appellant and her husband could not further reduce expenses, including some
related to husbandÂs deafness, and holding trial court did not abuse its
discretion in denying free record on appeal even though appellant presented a
negative monthly cash flow).Â  

The trial court was the sole judge of
the credibility of the witnesses and the weight assigned their testimony.Â  In re
T.E.G., 222 S.W.3d 677, 679 (Tex.App.--Eastland 2007, no pet.) (citing City of Keller v. Wilson, 168 S.W.3d
802, 821-28 (Tex. 2005)).Â  There is no
abuse of discretion if the trial court bases its decision on conflicting
evidence and, as here, some evidence supports its decision.Â  In re
Barber, 982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding).Â  And we may not reverse the trial courtÂs
decision simply because we might have reached a different result.Â  Downer,
701 S.W.2d at 242.Â  We are unable to see
an abuse of discretion in the trial courtÂs evaluation of the evidence before
it.Â  Tex. R. App. P. 20.1(g); Higgins, 257 S.W.3d at 686.

Participation in Pro Bono Program

Finally, Eggers asserts because he is
represented by pro bono counsel as part of the State Bar of Texas Appellate
SectionÂs pro bono program he is entitled to a free record as a matter of
law.Â  Eggers concedes, however, this is
not the law.Â  He nevertheless asks that
we extend the law so that he is accommodated.Â 


The website of the Appellate Section
indicates it sponsors a pro bono pilot program in the Third Court of
Appeals.Â  See http://www.tex-app.org/probono.php.Â 
According to the Third Court of AppealsÂ Pro Bono Pilot Program Pamphlet (09/01/07) (available at:
http://www.tex-app.org/pamphlet), the programÂs goal Âis to match clients who
are financially unable to obtain legal representation with volunteer lawyers
who agree to serve without expectation of compensation for their service.ÂÂ  A party with retained counsel in the trial
court may qualify for the program if he can no longer afford an attorney.Â  A Âsignificant factorÂ in qualifying a
program applicant is his ability to pay for legal services although the
screening committee considers such other factors as current program case
volume, the number of available volunteer attorneys, and issues presented by
the appeal.Â  The screening committee
applies 175% of the poverty guidelines published by the United States
Department of Health and Human Services as a benchmark for determining whether
an applicant qualifies for free legal services.Â 
Of these facts concerning the pilot program, we take judicial notice on
our own initiative.Â  See Tex. R. Evid. 201(b)(2), (c), (f) (at any stage of proceeding,
court in its discretion and on its own motion can take judicial notice of facts
capable of accurate and ready determination by resort to sources whose accuracy
cannot reasonably be questioned).

Â Â Â Â Â Â Â Â Â Â Â  Rule
of Appellate Procedure 20.1 provides in part:

If the appellant proceeded in the trial court without advance payment of
costs pursuant to a certificate under Texas Rule of Civil Procedure 145(c)
confirming that the appellant was screened for eligibility to receive free
legal services under income guidelines used by a program funded by Interest on
Lawyers Trust Accounts or the Texas Access to Justice Foundation, an additional
certificate may be filed in the appellate court confirming that the appellant
was rescreened after rendition of the trial court's judgment and again found
eligible under program guidelines. A partyÂs affidavit of inability accompanied
by the certificate may not be contested.

Tex. R. App. P. 20.1(a)(1).Â  The record contains no indication Eggers
proceeded in the trial court without advance payment of costs under a Rule of
Civil Procedure 145(c) certificate.Â 
There is also no indication the program through which Eggers was matched
with his appellate counsel is an Interest on Lawyers Trust Accounts program or
Texas Access to Justice Foundation program.Â 
As is apparent, factors beyond poverty may favor an applicantÂs
acceptance by the pilot program.Â  And we
are not shown that the income guidelines applied by the pilot program mirror
those of the programs Rule 20.1(a)(1) specifies.Â  We conclude it is not possible to bring the
pro bono appellate representation the pilot program is providing Eggers within
the ambit of Rule 20.1(a)(1).[8]


In that regard, and
especially considering that EggersÂ appeal originated in the Third Court of
Appeals, we take note of that courtÂs opinion in Morris, 2010 Tex. App. Lexis 5365.Â 
While the effect of participation in the Third Court of AppealsÂ pro
bono pilot program was not at issue in Morris,
the appellant there testified that she and her husband qualified for the
program; yet, the appellate court affirmed the trial courtÂs order sustaining
the court reporterÂs contest of the appellantÂs affidavit of indigence.Â  Morris,
2010 Tex. App. Lexis 5365, at *7, *11.

While we commend counselÂs
willingness to provide pro bono legal services for Eggers, and find the
Appellate SectionÂs pilot pro bono program laudable, we are not authorized to
stretch the bounds of Rule 20.1(a)(1) to include it.Â  

Â Â Â Â Â Â Â Â Â Â Â  Finding
none of EggersÂ appellate contentions persuasive, we overrule his sole issue on
appeal.

Â 

Â 

Â 

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  Because
we find the trial court did not abuse its discretion in sustaining appelleesÂ
contest of EggersÂ affidavit of indigence and Eggers is not otherwise entitled
to a free record on appeal, we affirm the trial courtÂs order.Â  

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  James
T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â  








Â 











[1] EggersÂ affidavit of indigence was challenged by the
court reporter, LaDelle Abilez, the plaintiffs in the underlying litigation
John Townes Van Zandt, II, William Vincent Van Zandt, Katie Belle Van Zandt, a
minor, by and through her next friend Jeanene Van Zandt, Jeanene Van Zandt, and
third-party defendant TVZ Records, LLC.Â 
Throughout this opinion the contestants of EggersÂ affidavit of
indigence are collectively identified as ÂappelleesÂ and the plaintiffs in the
underlying litigation are collectively identified as Âthe Van Zandts.Â

Â 





[2] The Van ZandtsÂ suit against Eggers bore trial court
cause number D-1-GN-06-00169 in the 345th District Court of Travis County.Â  In this court, its appeal carries appellate
case number 07-10-0109-CV.





Â 

[3] 11 U.S.C. Â§ 1301, et seq.

Â 





[4] An appellate court may on its own initiative apply
Rules of Appellate Procedure 34.5(c)(1) and 34.6(d) to obtain preparation by
the clerk and court reporter of the portions of record necessary to review an
order denying indigence status. Â In re Arroyo, 988 S.W.2d 737, 739 (Tex.
1998) (orig. proceeding); Kastner v.
Texas Board of Law Examiners, No. 03-08-00515-CV, 2009 Tex. App. Lexis
6381, at *3 n.5 (Tex.App.--Austin August 12, 2009, no pet.) (mem. op.) (citing In re Arroyo); Tex. R. App. P. 34.5, 34.6.





[5] The present appeal and the underlying case were
transferred to this court from the Third Court of Appeals by docket
equalization order of the Supreme Court of Texas.Â  See
Tex. GovÂt Code Ann. Â§ 73.001 (West 2005).Â 






[6] Apparently, excluding his condominium. 

Â 





[7] Also in a bankruptcy schedule, Eggers identified
ÂJeanene Van Zandt, et alÂ (sic) as creditors of a disputed $300,000 claim
partially collateralized by monies ($15,269.17) owed him by TVZ Records.Â  According to the judgment in the main case,
the trial court Âmade no determination concerning any offset or recoupment issues,
and the Parties are free to seek disposition of these issues in [EggersÂ]
bankruptcy proceeding.Â





[8] Rule of Appellate Procedure 2 authorizes us on motion
or our own initiative to suspend a ruleÂs operation in a particular case and
order a different procedure, Âto expedite a decision or for other good
cause.ÂÂ  Tex. R. App. P. 2.Â  We will not invoke Rule 2 here.Â