# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00198-CV

---

**Madeleine Connor, Appellant**

**v.**

**Douglas Hooks, Appellee**

---

### FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-005130, THE HONORABLE CATHERINE MAUZY, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Madeleine Connor, a lawyer acting pro se,[1] appeals from an order granting Douglas Hooks's motion and determining that Connor is a vexatious litigant under Chapter 11 of the Texas Civil Practice and Remedies Code (Chapter 11). *See generally* Tex. Civ. Prac. & Rem. Code §§ 11.001–.104; *see id.* § 11.101(c) (providing for appeal). Under Chapter 11, Hooks bore the burden to show that there is not a "reasonable probability" Connor will prevail in her Rule 202 petition for deposition against him and that Connor met one of three other statutory criteria to be a vexatious litigant. *See id.* § 11.054(1)–(3) (describing three alternative criteria). Because the trial court did not abuse its discretion in determining that Hooks met this statutory burden and because Connor's other arguments are unavailing, we affirm.

---

[1] After the parties filed their appellate briefing, Connor retained counsel, who filed a notice of appearance in this Court.

**BACKGROUND**

In September 2018, Connor petitioned the trial court for a Rule 202 presuit deposition of "Douglas Hooks, Elizabeth Hooks, and Jane/John Doe 1-16" for "an anticipated defamation per se suit." *See* Tex. R. Civ. P. 202.1 (permitting petition for order authorizing deposition for use in anticipated suit or to investigate potential claim or suit). Connor's Rule 202 petition relied on the following alleged defamatory posting on AVVO.com[2] that she discovered after "randomly googl[ing] herself" on April 14:

Very Poor courtroom manners

We hired Ms Connor to represent us and on our first hearing she came to court completely un-prepared. She told the judge "Well, I'm sorry" (with heavy sarcasm). That she was a busy attorney and didn't have "time" for some of the "little" things and anyway her time to file wasn't up so she still had time to do it. We changed lawyers after that so the damage to us was minimal. Our new attorney made many changes to our pleading and while he didn't say anything particularly bad about what she'd written he wasn't impressed either. Since we're finally finished with our case I feel like I can post this now - I've been shocked in googling Ms Connor about the press she's received since then as well as doing a court search to see the other filings she's made for herself as well as others. I wish we'd done better research before we'd wasted money on her services. I'll know better next time.

| | |
|---|---|
| Overall Rating | 1 |
| Trustworthiness | |
| Responsive | |
| Knowledgeable | |
| Communication | |
| | |
| Id | 1443774 |
| Professional | Madeleine Bullard Connor (67505) -all reviews for this professional |
| Approval Status | Dispute |
| Review Type | Hired |
| Created By | kcook@gmail.com (4238178) |
| Created At | 06/01/2017 15:04 |
| IP Address | 108.95.149.27 |
| Avvo Verified | false |
| Notes | disputed per attorney JF 4/18/18 |
| Updated by | "Jereme" (4238178) |

Hooks responded by filing a motion for an order determining Connor a vexatious litigant and requesting security (Chapter 11 Motion), *see* Tex. Civ. Prac. & Rem. Code § 11.051, and an original answer subject to the Chapter 11 Motion. Hooks primarily argued that the trial court should determine that Connor is a vexatious litigant under Section 11.054's third criterion because "Connor has been deemed a vexatious litigant" by United States District Judge Pitman

---

[2] Connor describes AVVO.com as a website "akin to YELP for attorneys."

of the Western District of Texas in *Connor v. Stewart*, No. 1:17-CV-827-RP, 2018 WL 4169150, at \*2–3 (W.D. Tex. Aug. 30, 2018), *aff'd per curiam*, 770 F. App'x 244 (5th Cir. 2019) (mem.), and that case dealt with "similar" defamatory statements, *see* Tex. Civ. Prac. & Rem. Code § 11.054(3), as admitted by Connor in her Rule 202 petition. Hooks also filed a supplement to his motion providing updates on recent cases filed by Connor. In January 2019, the trial court heard Hooks's Chapter 11 Motion. *See id.* § 11.053.

The day after the hearing, Connor filed a nonsuit with prejudice of her Rule 202 suit. Connor also filed a supplemental brief and evidence—permitted by oral leave of the trial court at the hearing—attaching a notice of appeal to the Fifth Circuit. Connor argued that Judge Pitman's order was not final as she had appealed the order in October 2018 and that the order "did not involve the same or substantially similar facts—as there is no mention of the AVVO review," the "parties are not the same," and "the claims are entirely different." Connor also filed a "Suggestion of Mootness"—later raising the same arguments in a plea to the jurisdiction, which the Court denied—claiming that her Rule 202 suit is now moot because she had filed a "true cause of action" against Hooks and nonsuited her Rule 202 suit.

The next day, Hooks filed a second supplement to his motion, asserting that because Connor had nonsuited with prejudice her Rule 202 petition, "she would not prevail in this particular lawsuit." Connor responded, arguing that Judge Pitman's "order does not expressly declare [Connor] to be a vexatious litigant" because "the language is just not there"; that case law requires "a precise former 'declaration' of a 'vexatious litigant,' even if the order were a final order, which it is not"; and that "[t]here is simply nothing in [Judge Pitman's] order about the Hookses, or their illegal AVVO review." Connor also raised facial and as applied constitutional challenges based on her right to petition. *See* U.S. Const. amend. I; Tex. Const.

3

art. I, § 27. Later that same day, the trial court signed an order determining Connor a vexatious litigant under Chapter 11 and prohibiting Connor from filing any new litigation without the permission of the local administrative judge. *See* Tex. Civ. Prac. & Rem. Code §§ 11.101–.102. The trial court expressly found that "Connor was declared a vexatious litigant" by Judge Pitman and concluded that because Connor has nonsuited her case with prejudice "security is no longer necessary and will be dismissed as moot." Connor appeals from this order. *See id.* § 11.101(c) ("A litigant may appeal from a prefiling order entered under Subsection (a) designating the person a vexatious litigant.").

Connor then requested findings of fact and conclusions of law, which the trial court entered. As relevant here, the trial court found that Connor was declared a vexatious litigant by Judge Pitman; found that the federal case before Judge Pitman, among other cases, "are based on the same or substantially similar facts, transition, or occurrence as exist in the instant case"; concluded that Connor's nonsuit with prejudice "confirm[ed] there was no reasonable probability that she would prevail in the litigation" against Hooks; and found that "Connor is determined a vexatious litigant as defined by the statute." Connor filed a motion for new trial, which was overruled as a matter of law.

## APPLICABLE LAW AND STANDARD OF REVIEW

In Chapter 11, "the legislature struck a balance between Texans' right of access to their courts and the public interest in protecting defendants from those who abuse our civil justice system." *Leonard v. Abbott*, 171 S.W.3d 451, 455 (Tex. App.—Austin 2005, pet. denied). Chapter 11 provides that a defendant in "a litigation in this state" may move for an order determining that the plaintiff is a vexatious litigant. Tex. Civ. Prac. & Rem. Code

4

§ 11.051; *see id.* § 11.001(2) (defining "Litigation" to mean "a civil action commenced, maintained, or pending in any state or federal court"), (5) (defining "Plaintiff" to mean "an individual who commences or maintains a litigation pro se"). After a hearing on the evidence, "[a] court may find a plaintiff a vexatious litigant if the defendant shows," as relevant here:

> that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that . . . (3) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence.[3]

*Id.* § 11.054. We review a trial court's determination that a plaintiff is a vexatious litigant for an abuse of discretion. *Leonard*, 171 S.W.3d at 459. "However, because a trial court may exercise its discretion to declare a party a vexatious litigant only if it first makes prescribed statutory evidentiary findings, we also review the trial court's subsidiary findings under [C]hapter 11 for legal and factual sufficiency." *See id.* A legal sufficiency challenge fails "if there is more than a scintilla of evidence to support the finding," and a factual sufficiency challenge fails unless the "ruling is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust." *Id.*

## DISCUSSION

Connor raises five issues on appeal. First, Connor claims that the trial court abused its discretion because there is legally and factually insufficient evidence to support any of the three statutory criteria enumerated in Section 11.054 to declare a plaintiff a vexatious litigant.

---

[3] As noted by our sister court, "Although the legislature referred to 'transition, or occurrence,' the legislature may have meant 'transaction, or occurrence,' a pairing found in many other rules and statutes." *Jones v. Anderson*, No. 14-16-00727-CV, 2018 WL 2012407, at *3 n.1 (Tex. App.—Houston [14th Dist.] May 1, 2018, pet. denied) (mem. op.).

Second, Connor argues that the trial court erred in failing to issue a finding of fact or conclusion of law that "there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant," as required by Section 11.054. Third, Connor challenges the jurisdiction of the trial court to make a vexatious litigant determination when the case was mooted by Connor's nonsuit. Fourth, Connor argues that Chapter 11 does not apply to a Rule 202 petition. Finally, Connor challenges Chapter 11 as unconstitutional on its face and as applied. We begin with Connor's threshold third and fourth issues before turning to her issues on the merits.

**Threshold Issues**

In her third and fourth issues, Connor claims that the trial court lost jurisdiction over her Rule 202 proceeding once she filed her nonsuit and that Chapter 11 does not apply to Rule 202 proceedings. "Under Texas law, parties have an absolute right to nonsuit their own claims for relief at any time during the litigation until they have introduced all evidence other than rebuttal evidence at trial." *Villafani v. Trejo*, 251 S.W.3d 466, 468–69 (Tex. 2008) (citing Tex. R. Civ. P. 162). "If a claim is timely nonsuited, the controversy as to that claim is extinguished, the merits become moot, and jurisdiction as to the claim is lost." *City of Dallas v. Albert*, 354 S.W.3d 368, 375 (Tex. 2011). "But a nonsuit is not allowed to prejudice the right of an adverse party to be heard on a pending claim for affirmative relief." *Id.*; *see* Tex. R. Civ. P. 162 (providing that dismissal "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief").

Connor argues that "Rule 202 does not afford a respondent a right to seek 'affirmative relief'" under Chapter 11 because "Chapter 11 does not apply to Rule 202 pre-suit investigations." We disagree. Chapter 11 permits a defendant to file a motion for an order

6

determining plaintiff a vexatious litigant "[i]n a litigation in this state." Tex. Civ. Prac. & Rem. Code § 11.051. Chapter 11 defines "Litigation" as "a civil action commenced, maintained, or pending in any state or federal court." *Id.* § 11.001(2). The Code does not define the term "civil action." However, *Black's Law Dictionary* defines "civil action" as "[a]n action brought to enforce, redress, or protect a private or civil right; a noncriminal litigation" in a subentry to "action," which is defined as "[a] civil or criminal judicial proceeding." *Action*, *Black's Law Dictionary* (11th ed. 2019); *see Beeman v. Livingston*, 468 S.W.3d 534, 539 (Tex. 2015) ("We often look to dictionary definitions for the ordinary meaning of a term used in, but undefined by, a statute."); *Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689, 699 (Tex. App.—El Paso 2011, no pet.) (looking to *Black's* to interpret "Litigation" in Chapter 11). Moreover, Rule 202's enactment was authorized by the Legislature's grant of "full rulemaking power in the practice and procedure *in civil actions*" to the Texas Supreme Court. *See* Tex. Gov't Code § 22.004(a) (emphasis added); *cf.* Tex. R. Civ. P. 2 ("These rules shall govern the procedure in the justice, county, and district courts of the State of Texas in *all actions of a civil nature*, with such exceptions as may be hereinafter stated." (emphasis added)). Because a Rule 202 petition initiates a civil judicial proceeding to enforce a petitioner's right to a deposition under the Texas Rules of Civil Procedure, a Rule 202 proceeding is a civil action and therefore "a litigation in this state" under Chapter 11. *See* Tex. Civ. Prac. & Rem. Code § 11.051.[4]

---

[4] Connor argues that the use of the terms "defendant" and "plaintiff" in Chapter 11 preclude its application to a "petitioner" and "respondent" in a Rule 202 proceeding. But if the Rule 202 proceeding is a "litigation" for purposes of Chapter 11, then Chapter 11's definitions of "Defendant" and "Plaintiff" would include a "petitioner" acting pro se and a "respondent" in a Rule 202 proceeding. *See* Tex. Civ. Prac. & Rem. Code § 11.001(1) ("'Defendant' means a person or governmental entity against whom a plaintiff commences or maintains or seeks to commence or maintain a litigation."), (5) ("'Plaintiff' means an individual who commences or maintains a litigation pro se.").

Additionally, Hooks's pending Chapter 11 Motion to declare Connor a vexatious litigant was a request for affirmative relief and thus was not affected by Connor's nonsuit. *See Crittendon v. Doe*, No. 09-16-00375-CV, 2017 WL 5179790, at *2 (Tex. App.—Beaumont Nov. 9, 2017, no pet.) (mem. op.) (noting that defendant "sought affirmative relief from the trial court by filing a motion" under Chapter 11 and therefore that plaintiff's nonsuit "had no effect on the trial court's authority to consider and rule on" pending Chapter 11 motion).[5]  Moreover, in addition to requesting an order, Hooks's Chapter 11 Motion requested Connor to furnish security.  *See* Tex. Civ. Prac. & Rem. Code § 11.051(2).  Security is "for the benefit of the moving defendant" "to assure payment to the moving defendant of the moving defendant's reasonable expenses incurred in or in connection with a litigation commenced, caused to be commenced, maintained, or caused to be maintained by the plaintiff, including costs and

---

Connor also argues that because Section 11.051 sets the deadline for the motion for order determining plaintiff a vexatious litigant to be "on or before the 90th day after the date the defendant files the original answer or makes a special appearance," *see id.* § 11.051, Chapter 11 does not apply when Rule 202 does not require an answer or special appearance.  But Section 11.051 merely sets a deadline by which a defendant may file the motion; it does not require that an answer or special appearance be filed prior to the filing of the motion.  *See id.*  Moreover, Texas case law suggests that a special appearance or an answer with a general denial—which Hooks filed in this case—may be an appropriate means for opposing a Rule 202 petition for deposition.  *See In re Doe*, 444 S.W.3d 603, 605 (Tex. 2014) (orig. proceeding) (noting that interested party filed special appearance in Rule 202 proceeding challenging court's personal jurisdiction and arguing that "there is no 'proper court' under Rule 202 to order a deposition to investigate a suit in which he may be a defendant"); *In re East*, 476 S.W.3d 61, 63–64 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding) (noting that potential deponents in Rule 202 proceeding filed original answer, including general denial and specific assertion that Section 1.013 of Texas Parks and Wildlife Code barred any cause of action against potential deponents).

[5]  Connor argues:  "Hooks provides this Court with no published opinions of any court that indicates that a Chapter 11 motion can or should survive a non-suit of a Rule 202 case."  But Rule 47's comment specifically states:  "Effective January 1, 2003, Rule 47 was amended to prospectively discontinue designating opinions in civil cases as either 'published' or 'unpublished.'  . . .  All opinions and memorandum opinions in civil cases issued after the 2003 amendment have precedential value."  Tex. R. App. P. 47 cmt. to 2008 change.

8

attorney's fees." *Id.* § 11.055(a), (c). A request for attorney's fees and costs is not affected by a nonsuit. *See* Tex. R. Civ. P. 162 ("A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court."). Although the trial court deemed security no longer necessary because of the nonsuit,[6] a "moving defendant has recourse to the security" if "the litigation is dismissed on its merits." Tex. Civ. Prac. & Rem. Code § 11.057. A nonsuit with prejudice is tantamount to a dismissal on the merits. *See Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011) ("[W]e have no doubt that a defendant who is the beneficiary of a nonsuit with prejudice would be a prevailing party. As the Fifth Circuit has observed, a dismissal or nonsuit with prejudice is 'tantamount to a judgment on the merits.'" (quoting *Dean v. Riser*, 240 F.3d 505, 509 (5th Cir. 2001))).

Thus, Hooks's pending Chapter 11 Motion for an order determining Connor a vexatious litigant and requesting security was not affected by Connor's nonsuit with prejudice, and the trial court had jurisdiction to resolve the pending Chapter 11 Motion. Accordingly, we overrule Connor's third and fourth issues.

**Finding on Reasonable Probability**

In her second issue, Connor claims that the trial court failed to issue a finding of fact or conclusion of law that "there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant." *See* Tex. Civ. Prac. & Rem. Code § 11.054. Hooks initially argued in his motion that "there is not a reasonable probability Petitioner would prevail in any future defamation litigation against Respondents, in that such claims would be barred by res judicata and collateral estoppel." But Hooks's second supplement to his Chapter 11 Motion

---

[6] Hooks did not appeal the determination that security was no longer necessary.

states that Connor "has clearly demonstrated that she would not prevail in this particular lawsuit" because she nonsuited with prejudice her Rule 202 petition. The trial court entered a finding regarding Connor's nonsuit with prejudice and a conclusion that the nonsuit "confirm[ed] there was no reasonable probability that she would prevail in the litigation" against Hooks.

Connor argues that "reasonable probability" must be measured at the time Hooks filed his Chapter 11 Motion and that "whether Petitioner later non-suited is of no moment." But Chapter 11 imposes no such requirement.[7] The trial court did not abuse its discretion in finding that "there was no reasonable probability that [Connor] would prevail in the litigation" against Hooks because Hooks showed that Connor had nonsuited with prejudice the Rule 202 proceeding before the trial court made the finding, thereby satisfying the first requirement of Section 11.054. *See id.* We overrule Connor's second issue.

**Prior Court's Vexatious Litigant Declaration**

In her first issue, Connor claims that the trial court abused its discretion in determining that Connor is a vexatious litigant under Chapter 11 because the evidence is insufficient to support at least one of the three alternative criteria for a vexatious litigant finding. *See id.* § 11.054(1)–(3). As relevant here, the third criterion requires a finding that "the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or

---

[7] One of the three alternative statutory criteria for finding plaintiff a vexatious litigant imposes a time period of a "seven-year period immediately preceding the date the defendant makes the motion under Section 11.051." Tex. Civ. Prac. & Rem. Code § 11.054(1). But this time restriction is not included in the general requirements for Section 11.054 or the other two alternative statutory criteria. *See id.* § 11.054(2)–(3).

10

proceeding based on the same or substantially similar facts, transition, or occurrence." *Id.*

§ 11.054(3).[8] The trial court made the following relevant findings as to this statutory criterion:

> 19.   Petitioner Madeleine Connor was declared a vexatious litigant by United States District Judge Robert Pitman on August 30, 2018 . . . .
>
> 20.   Judge Pitman's imposition of a pre-filing injunction against Petitioner satisfies Section 11.054(3) of the Texas Civil Practice and Remedies Code for finding Plaintiff a vexatious litigant.  The Court finds that Petitioner was declared a vexatious litigant by a federal court.  The Court finds that a federal Court determined Petitioner a vexatious litigant.
>
> 21.   The actions enumerated in Paragraph 18 above [which included the case before Judge Pittman in the list] were filed by Petitioner in federal court and state court and are based on the same or substantially similar facts, transition, or occurrence as exist in the instant case.

Nevertheless, in her briefing before this Court, Connor argues that although Judge Pitman's order "mentions the word 'vexatious' multiple times," it "does not *declare* Connor a vexatious litigant."  We disagree.

As noted by Judge Pitman in his order, to determine whether to impose a prefiling injunction under Federal law, a court must:

> weigh all of the relevant circumstances, including the following four factors (1) the party's history of litigation, in particular whether she has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Connor*, 2018 WL 4169150, at *2 (quoting *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008)).  In *Baum*, the Fifth Circuit noted that these four factors are required for a

---

**8**  Because we conclude that legal and factual evidence supports this third criterion, we need not consider whether legal and factual evidence supports the other two alternative criteria.

11

prefiling injunction because "the traditional standards for injunctive relief, *i.e.* irreparable injury and inadequate remedy at law, do not apply to the issuance of an injunction against a vexatious litigant." 513 F.3d at 189 (quoting *In re Martin–Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984)); *see In re Carroll*, 850 F.3d 811, 815 (5th Cir. 2017) ("Federal courts also have authority to enjoin vexatious litigants under the All Writs Act, 28 U.S.C. § 1651." (citing *Newby v. Enron Corp.*, 302 F.3d 295, 302 (5th Cir. 2002))). Judge Pitman, in evaluating the first factor, expressly found "that Connor has a history of filing vexatious and harassing lawsuits against Defendants—both in this Court and others" and that "[t]he present action is the latest chapter in Connor's history of vexatious litigation against Defendants." *Connor*, 2018 WL 4169150, at *3 (also noting that Connor has sued Defendants in Texas state court and that over course of this litigation, "at least three separate state court judges have sanctioned Connor or found that she had brought her claims for an improper purpose"). After considering the remaining three factors, Judge Pitman concluded "that the imposition of a pre-filing injunction against Connor is warranted" and therefore Connor would not be allowed "to file claims against Defendants or other officers of the Lost Creek Municipal Utility District without first receiving leave to do so." *Id.* at *5.

By expressly finding that Connor had a history of filing vexatious lawsuits— including that the current action at issue in his order was part of Connor's history of vexatious litigation—and by imposing a pre-filing injunction under the standards for issuing an injunction against a vexatious litigant, Judge Pitman formally "declared" Connor a vexatious litigant in a federal court order. *See Declaration*, *Black's Law Dictionary* (11th ed. 2019) ("A formal statement, proclamation, or announcement, esp. one embodied in an instrument."). Thus,

12

sufficient evidence supported the trial court's finding that Connor "has previously been declared to be a vexatious litigant by a state or federal court." Tex. Civ. Prac. & Rem. Code § 11.054(3).

Nevertheless, Connor argues that even if Judge Pitman had declared her a vexatious litigant, sufficient evidence does not support the trial court's finding that the federal proceeding before Judge Pitman was "based on the same or substantially similar facts, transition, or occurrence" as the Rule 202 proceeding against Hooks. *See id.* Given the record before us, however, we cannot conclude that the trial court abused its discretion in concluding that the two proceedings were "based on the same or substantially similar facts, transition, or occurrence." *Id.* In her Rule 202 petition, Connor explained how the AVVO.com review described her as having a "sarcastic demeanor before a trial court" and then she stated, "a similar non-sarcastic colloquy did in fact take place . . . in another case (where Connor also acted pro se) only two days before the fake posting—involving a suit naming defendants who Connor alleges have worked in concert with the instant Respondents to defame, retaliate, and cause Connor severe emotional distress." At the hearing on the Chapter 11 Motion, Connor testified that she "had argued once before" that the lawsuits "were related because I felt like all of the defendants were working together" and "I think that they have all been acting together."[9] In his Chapter 11 Motion, Hooks claimed that Connor "judicially admits in the Rule 202 Petition that 'similar' defamatory statements were made about her in May 2017 in another case brought by Petitioner Connor pro se in which Respondents allegedly worked in concert with other defendants to defame Petitioner." After noting that he is an officer of the Lost Creek Neighborhood

---

[9] As noted by Judge Pitman, "In addition to her history of litigation before this Court, Connor has sued these Defendants and other Lost Creek directors in Texas state court." *Connor v. Stewart*, No. 1:17-CV-827-RP, 2018 WL 4169150, at *3 (W.D. Tex. Aug. 30, 2018), *aff'd per curiam*, 770 F. App'x 244 (5th Cir. 2019) (mem.).

13

Association (LCNA), Hooks also alleged that the Rule 202 petition and the lawsuit before Judge Pitman arose out of the same or substantially similar facts, transition, or occurrence, namely, "the Petitioner's ongoing feud with Lost Creek Limited District Board members and board members of the LCNA." Based on this evidence, the trial court could have reasonably concluded that the proceeding before Judge Pitman and the Rule 202 proceeding were both based on the "same or substantially similar . . . occurrence" of Connor's "ongoing feud" with Hooks and other Lost Creek officers and board members.

Moreover, the lawsuit before Judge Pitman was based on allegedly defamatory statements in a litigation update regarding Lost Creek directors "prevail[ing] in every substantive and procedural ruling to date" against Connor. *Connor*, 2018 WL 4169150, at *3. Similarly, in her Rule 202 petition, Connor complained about alleged defamatory statements regarding her lawsuits, including her courtroom conduct and litigation services: "The fictitious client(s) complained of various poor professional in-courtroom behavior and litigation services that never happened, including bad work product, sarcasm to the trial court judge, and that the fake-clients had 'wasted' their money on Connor's services." *Cf. Newby v. Quarterman*, No. 09-08-00385-CV, 2009 WL 3763790, at *6 (Tex. App.—Beaumont Nov. 12, 2009, no pet.) (mem. op.) (noting "'similarity' between at least these two proceedings is determined by the gist of the vexatious litigations" and holding that trial court could reasonably conclude two proceedings were based on substantially similar facts, transition, or occurrence when both cases were based on alleged attempts by prison officials to thwart litigation efforts).

Given our standard of review and the record before us, we conclude that more than a scintilla of evidence supports the trial court's finding. *See Leonard*, 171 S.W.3d at 459. Case law concluding that trial courts have abused their discretion on this point generally rest on

the fact that the movant did not offer any evidence. *See, e.g.*, *Douglas v. American Title Co.*, 196 S.W.3d 876, 882 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (noting "there was no evidence offered to establish" that both cases were based on substantially similar facts, transition, or occurrence); *Devoll v. State*, 155 S.W.3d 498, 502 (Tex. App.—San Antonio 2004, no pet.) (concluding record "reveals that no evidence was offered to establish" that both cases are based on substantially similar facts, transition, or occurrence). Here, on the other hand, there is some evidence that the two proceedings are substantially similar, even if a reviewing court might reach a different decision than the trial court did. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005) (noting that in legal sufficiency review, "[a] reviewing court cannot substitute its judgment for that of the trier-of-fact, so long as the evidence falls within this zone of reasonable disagreement"—i.e., if evidence "would enable reasonable and fair-minded people to differ in their conclusions"). Nor can we conclude that the trial court's ruling is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. Connor has neither produced evidence contrary to the trial court's finding nor cited to any evidence in her brief. *See Douglas v. Elliott*, No. 14-12-01025-CV, 2014 WL 1410190, at \*5 (Tex. App.—Houston [14th Dist.] Apr. 10, 2014, no pet.) (mem. op.) (holding factual sufficiency challenge failed because appellant "produced no evidence contrary to the finding, and he has not cited to any evidence in his brief"). Accordingly, the trial court did not abuse its discretion in concluding that the proceeding before Judge Pitman and the Rule 202 proceeding were "based on the same or substantially similar facts, transition, or occurrence." Tex. Civ. Prac. & Rem. Code § 11.054(3). We overrule Connor's first issue.

15

**Constitutional Challenges**

In her fifth issue, Connor argues that Chapter 11 "is unconstitutional because it infringes upon a citizen's right to petition for redress of grievances under U.S. Const. amends. I, XIV and Tex. Const. art. I, §§ 19, 27, and acts as an unconstitutional prior restraint of protected First Amendment liberties" and that her "constitutional rights to access the courts under the United States and Texas Constitutions were infringed, and continue to be infringed upon, by application of the Texas Vexatious Litigant Statute." Connor claims she is bringing both facial and as applied challenges. But in her briefing before this Court, Connor does not identify or allege any particular circumstances as to why Chapter 11 is unconstitutional as applied to her. *Texas Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 518 n.16 (Tex. 1995) (noting that in "an 'as applied' challenge . . . the plaintiff argues that a statute, even though generally constitutional, operates unconstitutionally as to him or her because of the plaintiff's particular circumstances"). Instead, her argument is couched entirely in terms of a facial challenge, *see id.* at 518 ("Under a facial challenge, such as that asserted here, the challenging party contends that the statute, by its terms, always operates unconstitutionally."), and we therefore analyze her constitutional challenge as such.

As we discern from her brief, Connor raises four grounds as to why Chapter 11 is facially unconstitutional. First, she argues that "no restrictions may be placed on the right to petition," restrictions constitute an unconstitutional "prior restraint" on a "cognate right[] equal in dignity" to the freedom of speech, and Chapter 11 unconstitutionally places "multiple restrictions" on that right, including requiring "pre-filing approval to access the courts." Second, she argues that Chapter 11 and the caselaw interpreting the chapter are "silent" as to any "clear public interest, threatened by clear and present danger" that is required "to restrict First

16

Amendment liberties." Third, she asserts that because of the "extraordinary expense of hiring attorneys," Chapter 11 "impairs a litigant's right to proceed unimpaired pro se" and "impairs lower income citizens' rights to access the courts." Fourth, she claims that Chapter 11 cannot "be reconciled with the Texas Constitutions' open courts provision and remedy by due course of law." We find these grounds unavailing.

As to the first two grounds, the United States Supreme Court has held that suits that lack a reasonable basis "are not within the scope of First Amendment protection" and "baseless litigation is not immunized by the First Amendment right to petition." *Bill Johnson's Rests., Inc. v. N.L.R.B.*, 461 U.S. 731, 743 (1983); *see BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 530 (2002) (noting that "*Bill Johnson's* allow[s] certain baseless suits to be enjoined"); *Sparkman v. Microsoft Corp.*, No. 12-13-00175-CV, 2015 WL 1244538, at *4 (Tex. App.— Tyler Mar. 18, 2015, pet. denied) (mem. op.) ("[T]he Constitution does not establish a right to file frivolous litigation."); *Retzlaff*, 356 S.W.3d at 702 ("One final consideration guides us through Retzlaff's challenges to the vexatious litigant statutes: There is no constitutional right to file frivolous litigation.").[10] We have noted that the "purpose of [C]hapter [11] is to restrict frivolous and vexatious litigation" and that Chapter 11 "does not authorize courts to act arbitrarily" and "permits them to restrict a plaintiff's access to the courts only after first making

---

[10] As one commentator noted:

> Without an ability to limit court access to at least non-frivolous claims, the courts could grind to a halt. Not only would government and its sponsors, the taxpayers, incur considerable expense, but other citizens also would suffer harm. The public generally would have less access to justice if the courts were overwhelmed with frivolous claims, and the defendant in particular would suffer reputation injury and financial loss if forced to defend suits that have no merit.

Carol Rice Andrews, *A Right of Access to Court Under the Petition Clause of the First Amendment: Defining the Right*, 60 Ohio State L.J. 557, 649 (1999).

17

specific findings that the plaintiff is a vexatious litigant *based on factors that are closely tied to the likelihood that the incident litigation is frivolous*." *Leonard*, 171 S.W.3d at 457 (emphasis added); *see* Tex. Civ. Prac. & Rem. Code § 11.054. Additionally, Chapter 11 and the trial court's prefiling order do not "categorically bar" the current lawsuit or preclude the filing of new lawsuits; rather, they require the litigant "to post security to cover appellees' anticipated expenses to defend what the circumstances would reasonably suggest is a frivolous lawsuit" and "to obtain permission from the local administrative judge before filing" new lawsuits. *Leonard*, 171 S.W.3d at 457; *see* Tex. Civ. Prac. & Rem. Code § 11.102. And "[a]n administrative judge may grant permission for a vexatious litigant to file litigation if the litigation has merit and is not being brought for harassment," and "a vexatious litigant may seek review of the administrative judge's decision" by petitioning for a writ of mandamus. *See Retzlaff*, 356 S.W.3d at 704; *see also* Tex. Civ. Prac. & Rem. Code § 11.102(f) (authorizing mandamus review of administrative judge's denial).

Nor has Connor established that Chapter 11's restrictions are overbroad. As one federal district court noted in analyzing California's similar vexatious litigant statute:

> A statute affecting constitutionally protected speech is not overbroad if it is narrowly tailored and does not prohibit substantially more protected speech or conduct than necessary. Ironically, here, the very purpose of the notice and hearing requirement of the statute, as well as the "prefiling order" process set forth in the statute, is to ensure that constitutionally protected activities (i.e. the filing of meritorious claims) are not prohibited in any way. Thus, . . . the Vexatious Litigant Statute is constitutional because it is narrowly tailored to further the compelling interest in having a legal system that is not needlessly disrupted by baseless and frivolous litigation.

*Wolfe v. George*, 385 F. Supp. 2d 1004, 1013 (N.D. Cal. 2005), *aff'd*, 486 F.3d 1120 (9th Cir. 2007). Under Chapter 11, like the California statute, "a vexatious litigant may file potentially

meritorious claims not intended solely to harass or delay, so the courthouse doors are not closed to him." *Wolfe v. George*, 486 F.3d 1120, 1125 (9th Cir. 2007); *see* Tex. Civ. Prac. & Rem. Code § 11.102. As this Court has noted, Chapter 11's purpose "is to restrict frivolous and vexatious litigation," and Chapter 11's restrictions do not violate a litigant's right to access the courts because the "restrictions are not unreasonable or arbitrary when balanced against the purpose and basis of the statute." *Leonard*, 171 S.W.3d at 457. In sum, Connor has not identified how Chapter 11 unconstitutionally limits or imposes prior restraints on lawsuits that are protected by the First Amendment rather than lawsuits outside the scope of its protection or why a "clear and present danger" is required to justify Chapter 11.

As to the third and fourth grounds, we have already decided those issues. *See id.* at 456–58 (holding that Chapter 11 does not unconstitutionally discriminate against pro se litigants or deprive litigants of their rights to access judicial system under open courts provision); *see also Caldwell v. Zimmerman*, No. 03-18-00168-CV, 2019 WL 1372027, at *2 (Tex. App.—Austin Mar. 27, 2019, no pet.) (mem. op.) (collecting cases; noting that this Court and our sister courts have rejected due process, equal protection, and right to petition constitutional challenges to Chapter 11; and holding that Chapter 11 does not deprive litigant of these constitutional rights). Connor acknowledges that this "Court has concluded otherwise" in *Leonard*, but she asks this Court to "revisit the issue." However, *Leonard* and *Caldwell* are binding precedent on this Court, and we find their reasoning more than adequate on this issue.[11]

---

[11] Even if we were inclined to revisit the issue, "[w]e may not overrule a prior panel opinion of this court absent an intervening change in the law by the Legislature or a higher court or by decision of this court sitting en banc." *Lawson v. Keene*, No. 03-13-00498-CV, 2016 WL 767772, at *4 (Tex. App.—Austin Feb. 23, 2016, pet. denied) (mem. op.) (quoting *Ayeni v. State*, 440 S.W.3d 707, 717 (Tex. App.—Austin 2013, no pet.) (Pemberton, J., concurring)).

This Court, our sister courts, and federal district courts have repeatedly and consistently rejected constitutional challenges to Chapter 11 that Connor advances here. *See Caldwell*, 2019 WL 1372027, at *2; *Bierwirth v. Rio Rancho Props., LLC*, No. 03-17-00733-CV, 2018 WL 4610447, at *4 (Tex. App.—Austin Sept. 25, 2018, no pet.) (mem. op.); *Guardianship of L.S.*, No. 14-15-00494-CV, 2017 WL 1416190, at *5 (Tex. App.—Houston [14th Dist.] Apr. 18, 2017, pet. denied) (mem. op.); *Cooper v. McNulty*, No. 05-15-00801-CV, 2016 WL 6093999, at *4 (Tex. App.—Dallas Oct. 19, 2016, no pet.) (mem. op.); *Thomas v. Adams*, No. 11-12-00312-CV, 2014 WL 5463528, at *2 (Tex. App.—Eastland Oct. 9, 2014, pet. denied) (mem. op.); *Sparkman*, 2015 WL 1244538, at *3–6; *In re Potts*, 399 S.W.3d 685, 688–90 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding); *Johnson v. Cornelius*, No. 07-11-00091-CV, 2011 WL 4485465, at *5 (Tex. App.—Amarillo Sept. 28, 2011, no pet.) (mem. op.); *In re Potts*, 357 S.W.3d 766, 769 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding); *Retzlaff*, 356 S.W.3d at 702–04; *Johnson v. Sloan*, 320 S.W.3d 388, 389–90 (Tex. App.—El Paso 2010, pet. denied); *Clifton v. Walters*, 308 S.W.3d 94, 101–02 (Tex. App.—Fort Worth 2010, pet. denied); *Dolenz v. Boundy*, No. 05-08-01052-CV, 2009 WL 4283106, at *3–4 (Tex. App.—Dallas Dec. 2, 2009, no pet.) (mem. op.); *In re Johnson*, No. 07-09-00035-CV, 2009 WL 2632800, at *1 (Tex. App.—Amarillo Aug. 27, 2009, orig. proceeding) (mem. op.); *In re Johnson*, No. 07-07-00245-CV, 2008 WL 2681314, at *2 (Tex. App.—Amarillo July 9, 2008, orig. proceeding) (mem. op.); *Leonard v. Hearst Corp.*, No. 01-04-01023-CV, 2005 WL 3118700, at *8 (Tex. App.—Houston [1st Dist.] Nov. 23, 2005, pet. denied) (mem. op.); *see also Liptak v. Banner*, No. 3:01-CV-0953-M, 2002 WL 378454, at *4–5 (N.D. Tex. Mar. 7, 2002); *cf. Wolfe*, 486 F.3d at 1125; *Wolfe*, 385 F. Supp. 2d at 1013. Likewise, we find Connor's constitutional challenges unavailing here. We overrule Connor's fifth issue.

20

## CONCLUSION

Having overruled Connor's issues on appeal, we affirm.

_____
Melissa Goodwin, Justice

Before Justices Goodwin, Kelly, and Smith

Affirmed

Filed:  March 5, 2021